DOLAN, Respondent, vs. JOINT SCHOOL DISTRICT No. 13 OF THE TOWNS OF UTICA AND FREEMAN, Appellant.

*September 2 — September 29, 1891.*

*Common schools: Contract with teacher by district board: Fraud.*

1. The fact that the officers constituting a district board signed a contract with a teacher raises the presumption that such contract was authorized by a vote of the board at a meeting thereof, pursuant to sec. 432, R. S.; and the mere fact that the officers were not together

when they signed the contract does not tend to disprove that it was so authorized.

2. The fact that a teacher employed by a district board was the daughter of one member and the sister of another, she being of full age, does not render her employment unlawful; and the mere fact that other competent persons might have been employed for smaller wages is not sufficient proof of fraud to justify the court in declaring the contract invalid.

APPEAL from the Circuit Court for *Crawford* County.

The plaintiff entered into a contract with the district board of the defendant district to teach the school therein three months for $35 per month. She was duly qualified to teach a district school, and fully performed her contract. The clerk of the district who signed such contract was the plaintiff's brother, and the treasurer was her father. The director, who also signed the contract, was not her relative. After the plaintiff had performed her contract, the district board was changed, and the members thereof refused to pay her more than $25 per month for her services; whereupon she brought this action to recover the contract price therefor. At the close of the trial the court directed a verdict for the plaintiff for the full contract price. The district appeals from the judgment against it, rendered pursuant to the verdict.

*C. S. Fuller*, for the appellant, cited *United B. Church v. Vandusen*, 37 Wis. 54; *Doyle v. Gill*, 59 id. 518; *Hazen v. Lerche*, 47 Mich. 626; *Mills v. Collins*, 67 Iowa, 164; *Pickett v. School Dist.* 25 Wis. 551.

*Wm. H. Evans*, for the respondent, cited *Scott v. Joint School Dist.* 51 Wis. 559; *He'm v. McFadden*, 18 id. 191; *Pickett v. School Dist.* 25 id. 551; *Webster v. School Dist.* 16 id. 316; *Wait v. Ray*, 67 N. Y. 36; *State ex rel. Evans v. James*, 4 Wis. 408.

LYON, J. It is maintained on behalf of the defendant school district that the contract under which the plaintiff

claims and has recovered is invalid for either of two reasons. It is alleged (1) that the district board did not vote at any meeting thereof to employ the plaintiff; and (2) that the plaintiff fraudulently conspired with the district board to obtain an excessive compensation for her services.

1. Although we assume that, under sec. 432, R. S.,[1] the contract is invalid unless authorized by a vote of the district board at a meeting thereof, we are still of the opinion that the first reason assigned for reversal is not sustained by the proofs. All presumptions are in favor of the regularity of official acts. The fact that the three district officers signed the contract in question raises the presumption, in the absence of proofs to the contrary, that the contract was authorized by a vote of the board at a meeting thereof, and casts upon the district the burden of proving the contrary. There is no such proof. It only appears that the district officers were not together when they signed the contract. But this fact does not tend to disprove that the contract was duly authorized at a meeting of the board. The records of the board were not in evidence, and no witness gave testimony of the action or non-action of the board when assembled in regular session. Hence, the presumption of regularity prevails, and the contract is not shown to be invalid for the reason first assigned.

2. There is a like absence of proof of any complicity by the plaintiff in a conspiracy to defraud the district. True, she is the daughter of the district treasurer, and sister of the district clerk, who joined with the director in making the contract with her, and she lived in the same house with such relatives. But she was of full age, and no law prevented her entering into the contract, although her relatives

---

[1] Sec. 432, R. S., provides that "the director, treasurer, and clerk shall constitute the district board," and that "no act authorized to be done by the district board shall be valid, unless voted at a meeting of the board."— REP.

acted for the district in making it.    The contracting parties had full authority to fix plaintiff's compensation, and it is difficult to perceive how a charge of fraud can be predicated upon the mere fact (which was proved) that other qualified persons might have been employed to teach the school for $10 or $15 per month less wages.    The remedy of the district in such a case is to elect better men in the place of the improvident officials who have not been sufficiently careful of its interests.    It appears that the district elected an entire new board at the first opportunity.

We do not defend the propriety of the contract in suit. There are prudential reasons why a district board should not employ a near relative of one or more of its members to teach the district school, unless it is clear that the patrons of the school generally desire it.    There is no proof here that there was any opposition by the residents of the district to the employment of the plaintiff.    Probably there was none.    The opposition in this case was to the wages agreed to be paid, and did not develop until after the services were rendered.    We only say that we fail to find any sufficient proof of fraud in the inception of the contract to justify the court in declaring it invalid.

*By the Court.*— The judgment of the circuit court is affirmed.