Argued June 23, affirmed July 6, 1915.

## BARTON *v.* SCHOOL DISTRICT NO. 2.

(150 Pac. 251.)

**Schools and School Districts—Contract of Hiring—Validity.**

1. Under Laws of 1913, pages 301, 304, Sections 7, 17, providing that the school board may hire teachers, and that any duty imposed on the board as a body must be performed at a regular or special meeting, and that the consent to any particular measure obtained of individual members when not in session is not an act of the board, a contract of hiring is not made out where the minutes show that the board at a meeting made a selection of plaintiff as a teacher, but the contract was prepared by the clerk and signed by the members individually after adjournment.

> [As to right of school teacher to compensation as dependent on validity of contract or appointment, see note in **Ann. Cas.** 1913C, 372.]

**Corporations—Powers—Mode of Exercising.**

2. Where power is given a corporation to do an act, and the particular method of its exercise pointed out, the mode is the measure of the power.

From Klamath: Henry L. Benson, Judge.

Department 1.   Statement by Mr. Justice McBride.

This is an action by T. A. Barton against School District No. 2 in Klamath County, to recover for an alleged breach of contract of hiring.   The facts are as follows: At an adjourned meeting of the directors of School District No. 2, which met for the purpose of selecting teachers for the ensuing school year, the minutes kept by the clerk show that the following proceedings were had:

"Bonanza, Oregon, June 28, 1913.
"The board of directors of School District No. 2, Klamath County, met in the school building in said district to-day.   All directors were present: J. M. Bertholf in the chair; D. G. Horn, secretary of the meeting.   The matter of district clerk's bond was taken up and bond was presented in the sum of one thousand dollars, signed by D. G. Horn, principal, John S. Horn and Jacob Rueck, as sureties; and it appearing to be sufficient the board accepted the same.   It was decided that school begin on Monday, September 1, 1913, and that the length of the term be nine months.   The matter of hiring teachers, coming up for consideration, resulted in the selection of the following teachers: Primary grade, Miss Grace Lytle; intermediate, Miss Irma Taylor, with second choice, Mildred Ober; seventh and eighth grades, Miss Gertrude Stewart; principal, T. A. Barton—and Director L. D. Burk voting 'No,' upon the selection of T. A. Barton as principal. Upon motion duly made and put the meeting adjourned.

"D. G. Horn,
"Secretary.
"J. M. Bertholf,
"Chairman of the Meeting."

It appeared from the testimony that the clerk was directed to prepare contracts.   No blank forms being

available, they were not filled out or signed by the directors while the board was in session, but were prepared several days afterward; and the one relating to the hiring of plaintiff was signed in triplicate by two of the directors, each signing at a different time and place. The copies of the contract were then forwarded to plaintiff at Eugene, Oregon, and were by him signed, after which one was returned to the clerk of the district and by him filed, another sent to the county superintendent, and the third retained by plaintiff. Subsequently, and shortly before the time for the fall term of school to begin, a change having taken place in the personnel of the directorate, the new board, on August 19, 1913, made an order canceling the contract of the plaintiff "for the reason that said contract was not legally entered into at a legally called meeting, and was not legally executed, and was not the action of the board, but the action of individuals," of which resolution plaintiff was duly notified by the clerk. Upon the day fixed for the beginning of the fall term, plaintiff appeared at the school and offered to teach, but his services were refused; another teacher having been employed. Whereupon he brought this action for breach of contract. Upon the trial plaintiff offered to show by oral testimony that, at the meeting of the board at which he was selected as a teacher, an oral resolution was passed fixing his compensation at $100 per month, but that the clerk omitted to enter it of record. This testimony was rejected by the court, and an exception allowed. At the conclusion of plaintiff's evidence the court, upon motion of defendant, ordered a nonsuit, and from that judgment plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Oneill & Manning,* with an oral argument by
*Mr. H. M. Manning.*

For respondent there was a brief over the name of
*Messrs. Kuykendall & Ferguson,* with an oral argu-
ment by *Mr. Delmon V. Kuykendall.*

MR. JUSTICE MCBRIDE delivered the opinion of the
court.

1. This appeal presents two questions.   The first re-
lates to the manner in which the alleged contract was
executed, and the second to the ruling of the court ex-
cluding parol testimony as to matters occurring when
plaintiff was selected as a teacher.   The following sec-
tions of Chapter 172, Laws of 1913, control the subject
now to be discussed:

"The board at a general or special meeting called
for that purpose, shall hire teachers, and shall make
contracts with such teachers which shall specify the
wages, number of months to be taught, and time em-
ployment is to begin, as agreed upon by the parties,
and shall file such contracts in the office of the dis-
trict clerk.   No contract shall be made with any
teacher who is related by blood or marriage within
the third degree to any member of the school board
without the concurrence of all the members of the
board, by a vote duly entered on the clerk's records of
proceedings.   Unless otherwise provided in the teach-
ers' contract, it shall be understood that the branches
provided for in the state course for the first eight
grades shall be taught excepting school law and theory
and practice of teaching. * * Any duty imposed upon
the board as a body must be performed at a regular
or special meeting, and must be made a matter of
record.   The consent to any particular measure ob-
tained of individual members when not in session is

not an act of the board, and is not binding upon the district. If a contract is made without authority of the board, the individual making such contract shall be personally liable.''

We think a fair construction of these two sections indicates that the amount of salary to be paid shall be fixed by resolution, and that the written contract, when prepared, shall be considered and executed by the directors at a meeting of the board. The district is entitled to have the judgment of the board, as such, not only upon the fitness of the persons selected, but upon the form, substance and sufficiency of the contract which constitutes the final act of hiring and makes the transaction complete. The teacher is not hired when he is designated by the board as the proper person to be contracted with, nor until a written contract considered by the board and found sufficient is signed and filed with the clerk. The selection is merely preliminary to the final contract. It points out the persons to be contracted with, and nothing more. That such was the actual intention of the directors here is indicated by the fact that in one instance the record shows that a certain person was designated as a teacher, with a second choice, thus: ''Intermediate (grade) Miss Irma Taylor, with second choice, Mildred Ober.'' It is plain that neither of these persons could have claimed that she had been ''hired'' by reason of this resolution. The selection of all the teachers was tentative and dependent upon their signing and accepting a written contract approved by the board. We think it important that the board, as such, should meet and discuss the form and substance of a contract before signing it, and that a signing by indi-.

vidual directors at different times and places is insufficient to bind the district.

2. It is a principle settled by numerous decisions that where a power is given to a corporation to do an act, and the particular method by which that power is to be exercised is pointed out by statute, the mode is the measure of the power. Here the power or duty to employ teachers is prescribed, and the particular method by which that power shall be executed is also pointed out, and not only is this the case, but the statute adds the mandatory words:

"Any duty imposed upon the board as a body must be performed at a regular or special meeting, and must be made a matter of record."

It was the duty of the board to hire the teachers and to enter into and sign contracts. This duty they attempted to perform and finish outside of a regular or special meeting, and their action was void and amounted only to a personal contract of the directors signing. As tending to support plaintiff's contention, his counsel cite *School District* v. *Allen,* 83 Ark. 491 (104 S. W. 172); *Faulk* v. *McCartney,* 42 Kan. 695 (22 Pac. 712); *Brown* v. *School District,* 1 Kan. App. 530 (40 Pac. 826); *Holloway* v. *Ogden School District,* 62 Mich. 153 (28 N. W. 764); *Dolan* v. *Joint School District,* 80 Wis. 155 (49 N. W. 960); *Splaine* v. *School District,* 20 Wash. 74 (54 Pac. 766). But an examination of these cases shows that they were rendered either under statutes widely different from ours, or that the services of the teacher had been actually accepted and rendered, in which case the irregularities had been waived. So here, if the plaintiff had been permitted, without objection, to enter upon the performance of his duties, the district could not escape

paying him for his services upon that pretext: *Stout v. Yamhill County*, 31 Or. 314 (51 Pac. 442), approved in *Baker County v. Huntington*, 46 Or. 275, 280 (79 Pac. 187), seems to support plaintiff's contention that, in cases of this character, oral evidence is admissible to supply an omission in the records of the board; but, in view of the fact that there was no valid execution of the contract of hiring, this question becomes immaterial.

The judgment is affirmed.          Affirmed.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice Harris concur.