# CASES DETERMINED

# January Term, 1921.

HACKLEY-PHELPS-BONNELL COMPANY and another, Appellants, vs. COOLEY and another, Respondents.

*September 22, 1920—January 11, 1921.*

*Workmen's compensation: Predisposition to disease as preventing recovery for accident: Evidence: Review: Presumption of regularity of official acts: Findings of industrial commission: Recitals as to procedure of commission: Jurisdiction: Attack.*

1. Predisposition to disease does not prevent an award under the workmen's compensation act when the disability is proximately caused by accident.

2. In proceedings under the workmen's compensation act the employee's account of his injury, to the effect that he had slipped on some ice and struck his arm against a stump and that slivers had penetrated the arm, was not so improbable as to be unworthy of belief, and the commission was justified in finding in favor of the employee.

3. On appeal from an order affirming an award under the compensation act, the supreme court will not substitute its opinion on a question of fact from a reading of the record for that of the industrial commission.

4. In an action to review and set aside an award of the industrial commission, the presumption of regularity of official acts applies and the award will be presumed to have been regularly made.

5. Findings of fact and an award under the compensation act, reciting that the findings and award are made by the industrial commission, are sufficient. It is not necessary to recite the details of the commission's procedure whereby it finds the facts and makes the award, nor to recite more explicitly than that the commission acts—that it has complied with the law as to the manner of meeting for making its decisions.

6. Because presumption as to the regularity of official acts rules this case, it is not necessary to decide whether one appealing from an award of the industrial commission could have offered proof that the commission had not acquired jurisdiction, or had lost it by not making the award as a body, or whether a direct attack in another form of action would be a proper remedy.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Applicant *John Cooley* was engaged to perform services for appellant company. On the second day of such services, March 19, 1918, he was working, pursuant to instructions, upon a railroad track in the woods. There was snow and ice on the ground. Applicant testified before the *Industrial Commission* that the day was bright and warm and he had rolled up his sleeves; that he was directed to get some blocks with which to level the track, and for this purpose went apart from his fellow workers, cut a pole, and was returning with it on his shoulder when he slipped on some ice and fell, striking his left arm against a stump; that he continued his work the rest of the day and said nothing about the matter to other workers; that the next day he felt sick and his arm pained him; that he did not work, and on the day following was discharged and left the neighborhood; that his arm got worse, and thereafter he found and pulled out of his arm two long slivers which had penetrated deeply into it. The arm continued to grow worse and shortly thereafter he received medical and hospital attention. Amputation resulted.

The *Commission* held three hearings at intervals of several months. Applicant testified at each of these hearings.

There was testimony of the hospital matron and another that when applicant came to the hospital there were two marks upon his arm, near the seat of infection, where the skin was broken, and which looked as though something might have been pulled out there.

There was testimony on behalf of the appellants by fel-

low employees of the company and the keepers of a boarding house at which applicant lived at times, that his left hand was swollen and discolored before the alleged accident, and that no one had heard of or knew of the alleged accident. Applicant testified that his hand had been calloused but was otherwise in good condition, and this was corroborated by the testimony of persons at the hospital.

Upon the evidence presented the *Commission* found that the applicant and appellant company were subject to the provisions of the workmen's compensation act on March 19, 1918, when applicant sustained an injury growing out of and incidental to the employment which was proximately caused by accident and not intentionally self-inflicted.

The finding stated that, although applicant had not given notice in writing of his claim for compensation within thirty days following the injury, such failure was not with the intention of misleading appellant and did not mislead; that appellant had actual notice of the claim within thirty days.

The findings stated the nature of the injury, the time during which applicant was disabled, the length of time for which he was entitled to receive compensation for permanent injury, and the amounts to be paid for medical and hospital attendance. The award followed the finding and was signed by all the commissioners.

Action was brought by appellant company to review and set aside said findings and award on the grounds, first, that the *Commission* acted without and in excess of its powers in making all of said findings and that the findings were not supported by the evidence; and second, that the *Commission*, as such, did not act upon the matter; that the award is in fact not the award of the *Industrial Commission* acting as such, but that the action was determined by an examiner of the *Commission*, and that the award was that of said examiner.

The circuit court affirmed the award, and from its order so doing this appeal was taken.

The cause was submitted for the appellants on the briefs of *Otjen & Otjen* of Milwaukee, and for the respondents on that of the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, attorneys for the *Industrial Commission,* and *F. F. Wheeler* of Oshkosh, attorney for respondent *Cooley.*

The following opinion was filed October 19, 1920:

JONES, J. 1. Counsel for the appellants admit that, if the testimony of the applicant, *Cooley,* is worthy of belief, there is evidence to support the findings of the *Commission.* Their contention is that his testimony is so improbable as to be unworthy of belief. It may be granted that the account of the injury given by him seems rather improbable in some particulars. Yet the applicant, apparently a man of no particular intelligence or education, told substantially the same story as to the principal facts both to his medical attendants a few days after the alleged accident and at three hearings of the *Commission* at intervals of several months. Some of the most important statements were corroborated by the testimony of the hospital matron and others.

The testimony introduced by appellants tended to show that *Cooley* had been troubled by his left hand for years and that it looked as though it had been frozen. This was controverted, but if conceded to be true it does not necessarily refute the claim that the loss of the arm was nevertheless the result of the accident as alleged. As stated by the circuit judge, predisposition to disease does not prevent an award when the disability is proximately caused by the accident in question.

With the evidence in this condition the *Commission* was entirely justified in reaching the findings it did. It had the opportunity of observing the witnesses, their conduct and demeanor, and it is its function, as it should be, as triers of the facts, to judge of the credibility of witnesses and the weight of their testimony. We should be exceeding our

function were we to substitute our opinion from a reading of the record for that of the *Commission.* The rule is well established by the statute and numerous decisions of this court. *Milwaukee v. Industrial Comm.* 160 Wis. 238, 244, 151 N. W. 247; *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996; *Milwaukee Coke & Gas Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245; *William Rahr Sons Co. v. Industrial Comm.* 166 Wis. 28, 163 N. W. 169; *Wausau L. Co. v. Industrial Comm.* 166 Wis. 204, 164 N. W. 836.

2. Appellants' counsel further contend that the award is not the award of the *Industrial Commission,* but in fact is the award simply of an examiner of the *Commission.* Counsel state in their brief that they have information that the award was not made by the *Commission* acting as a body; that the record was prepared by an examiner of the *Commission* and submitted to the commissioners individually and approved by them separately. They state that under the provisions of sec. 2394—19, Stats., there is no remedy whatever for the review of the action of the *Commission* except by action started in the Dane county circuit court; that the review thus provided for is merely a review of the record and is not a trial *de novo;* and that there is no opportunity to present additional facts showing the absence of official action by the *Commission.* Because of this inability which they claim exists, it is contended that the *Commission* should show upon the face of the record compliance with all jurisdictional requirements; that it met and acted as a commission, and that a record which does not show these facts is defective and should be set aside.

It is not necessary in this opinion to recite at length the provisions of the statute. It is provided that the findings of fact by the *Commission* acting within its powers, in the absence of fraud, shall be conclusive; that an action may be brought for review; that the pleadings, all the testimony and documents and papers taken and filed before the *Commission,* and its orders, findings, and award shall be filed

with the clerk of the circuit court and constitute the record in that court. That such return "of the commission when filed in the office of the clerk of the circuit court shall, with the papers mentioned in section 2898 of the statutes, constitute a judgment roll in such action; and it shall not be necessary to settle a bill of exceptions in order to make such return part of the record of such court in such action."

It is further provided that the court may set aside the order, award, or judgment "only upon the following grounds:

"(1) That the commission acted without or in excess of its powers.

"(2) That the order or award was procured by fraud.

"(3) That the findings of fact by the commission do not support the order or award."

It would be indeed surprising if a party had no opportunity to show, if such be the fact, that a document in the record purporting to be the findings and award of the *Commission* was in fact not the act of the *Commission*. We are not convinced that this assumption is correct. If the charges of counsel amount to allegations of fraud there was an ample remedy by offering proof of the facts alleged. *International H. Co. v. Industrial Comm.* 157 Wis. 167, 172, 147 N. W. 53. Appellants' counsel made no attempt in the circuit court to attack the jurisdiction of the *Commission* or to show that it acted beyond its powers in the mode of making the award, or that the award was procured by fraud. The allegations of the complaint and the assertions in the brief, which are said to be based on "information" and "understanding," are relied on to convince this court that the award is not in fact the award of the *Commission*.

Because our decision is based on another ground it is not necessary to decide whether the appellants could have properly offered proof that the *Commission* had not acquired jurisdiction or had lost it by handing down and recording findings and an award made up in the manner alleged. Nor is it necessary to decide whether a direct attack by another

form of action would be a proper remedy. We base our decision on this point on the well settled rule in favor of the presumption of regularity of official acts.

In this state the rule has been applied to the acts of inspectors of election where the statute required that the ballots should be preserved and disposed of in a certain manner. *State ex rel. Anderton v. Kempf,* 69 Wis. 470, 34 N. W. 226; to the acts of a board of education, *American F. & F. Co. v. Board of Education,* 131 Wis. 220, 110 N. W. 403; to the acts of a board of public works, *Wright v. Forrestal,* 65 Wis. 341, 350, 27 N. W. 52; to the acts of a joint school district board, *Dolan v. Joint School Dist.* 80 Wis. 155, 157, 49 N. W. 960.

The recitals in the findings of fact and award are that the *Commission* makes the findings of fact and that the *Commission* awards. These documents are signed by the commissioners in the name of the *Commission.* The *Industrial Commission* has been created a body of broad powers and great responsibility and it is not necessary that it should recite the details of its procedure whereby it finds the facts and makes the awards, nor that it should recite more explicitly than that the *Commission* acts, that it has complied with the law as to the manner of meeting for making its decisions. During the nine years of the existence of the *Commission* it has decided many hundreds of cases. Those decisions have been acquiesced in by the public, and we cannot agree that the averments and arguments made in this case overturn the presumption as to the regularity of its acts.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $15 costs, on January 11, 1921.