[Civil No. 2680.   Filed May 14, 1928.]

[267 Pac. 203.]

ANDREW J. BLANKENSHIP, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and R. B. SIMS, BURT H. CLINGAN and H. S. McCLUSKEY, Members of Said THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. Elwood B. Frawley, for Petitioner.

Mr. John J. Taheny, for Respondents.

ROSS, C. J.—This is a proceeding in *certiorari* to review the findings of the Industrial Commission. Claimant, Blankenship, while an employee of the Apache Powder Company, on April 8th, 1927, claims to have suffered an injury to his back from an accident. He made demand for compensation. The Industrial Commission appointed a referee and sent him to the employer's plant at Curtis, Cochise county, Arizona, to take the evidence. This was done on June 7th, 1927. The referee accompanied his report of the evidence with a recommendation that the claim for compensation be not allowed. Thereafter, on June 15th, 1927, the Commission made findings of fact and an award that claimant take nothing.

The jurisdictional facts, including a finding that the employer was insured by the Industrial Commission against liability for compensation, were all favorable to the claimant, but finding No. 5 was to the following effect:

"That the evidence is insufficient to establish as a fact that said applicant sustained any injury by accident arising out of and in the course of his said employment on or about said date; and that the evidence is insufficient to establish as a fact that the disability suffered by said applicant subsequent to said date was proximately caused by an injury by accident arising out of and in the course of his said employment on said date or on any other date."

On June 30th, 1927, the claimant filed his motion with the Industrial Commission for a rehearing "for the reason and on the grounds that said commission erred in finding," as it did, that the evidence was insufficient, and in the application of the law to the facts. In due course this motion was denied and the original award confirmed.

Within thirty days after the Commission's decision on rehearing the claimant, as provided by section 90 of the Workmen's Compensation Act (chapter 83, Laws 1925), applied to this court "for a writ of *certiorari* to review . . . for the purpose of having the lawfulness of . . . the award on rehearing inquired into and determined." The statute (section 90, *supra*), provides that:

"The review shall not be extended further than to determine whether or not:

"(1) The commission acted without or in excess of its power.

"(2) If findings of fact are made, whether or not such findings of fact support the award under review."

The scheme of the Compensation Act is that the employer, the employee, or the insurer of the employer may, if aggrieved by the award of the Commission, take the matter to the Supreme Court for a review only in the two particulars named. If it shall appear that the Commission in making the award had jurisdiction of the subject matter and the parties, and in the exercise of such jurisdiction

confined itself to the law, and if the findings of fact support the award, that puts an end to the court review. The latter's power over the award and the Commission is confined to very narrow and well-defined limits. The court can set aside an award if the Commission had no jurisdiction or power under the Compensation Act to make it, or if it was made in excess of the conferred powers, or if the findings do not support the award, but not otherwise.

In his petition for writ of *certiorari* claimant states that the action of the Commission in denying him compensation was not based upon its examination of the testimony and records, but upon the report of the referee, and without claimant's having an opportunity to object to the errors in said report. The truthfulness of this statement does not appear from the Commission's return to the writ. If the Commission did not examine "all the proceedings and the evidence taken in the case" and make their award thereon, evidence *aliunde* the record would be necessary to show it.

There is found in subdivision (b), § 90, *supra*, this expression:

"No new or additional evidence may be introduced in such court, but the cause shall be heard on the record to the commission as certified by it."

This statutory rule is in accord with the common-law rule as to what may be considered in the proceeding by *certiorari*. In 11 C. J. 111, § 51, it is said:

"The office of the common-law writ of *certiorari* is confined to bringing up the record alone, and any matters *dehors* the record which are returned therewith shall be disregarded. It follows that the writ does not lie to review defects not appearing on the face of the record."

It was never intended that the Commission's administration of the Compensation Act should be

supervised, controlled, or regulated by the Supreme Court except in the respects heretofore mentioned. This is emphasized by section 91 thereof, reading as follows:

"The commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act."

A large discretion is left to the Commission in the performance of its duties over which the court has no power. In *Hackley-Phelps-Bonnell Co.* v. *Industrial Commission,* 173 Wis. 128, 179 N. W. 590, the regularity of the action of the Commission in arriving at its award was involved, and the court there said:

"The recitals in the findings of fact and award are that the commission makes the findings of fact and that the commission awards. These documents are signed by the commissioners in the name of the commission. The Industrial Commission has been created a body of broad powers and great responsibility and it is not necessary that it should recite the details of its procedure whereby it finds the facts and makes the awards, nor that it should recite more explicitly than that the commission acts, that it has complied with the law as to the manner of meeting for making its decisions."

With this statement we heartily agree.

It is next contended that the findings do not support the award. The findings are to the effect that the claimant was not injured by any accident arising out of and in the course of his employment, and that his disability was not proximately caused by any injury arising out of and in the course of his employment.

The amendment to section 8, article 18, of the Constitution (chap. 82, Laws 1925), approved by the electorate of the state on September 29th, 1925, provides that the workman shall be compensated by the employer if he is injured in "any accident arising out of and in the course of such employment." It was necessary that the Commission find claimant's injury was of the kind made compensable by the Constitution and the Compensation Act before it could award him compensation. The findings on the facts being against claimant, the award could not be for claimant. It is indispensable to the right of recovery that the injury be accidental and that it arise out of and in the course of the employment.

In *Federal Mutual Liability Insurance Co.* v. *Industrial Commission*, 31 Ariz. 224, 252 Pac. 512, we consider what effect ought to be given the findings of the Commission. We there said:

"While under section 90 of the act this court may review the evidence, we think it is but logical, just, and reasonable that the rulings of such a tribunal, made as the result of a hearing in which all the interested parties have appeared and have been allowed to present such evidence as was relevant and material to the question involved, is entitled to the same respect as that of a trial court. *Morgan* v. *Butte Central Min. & Mill. Co.*, 58 Mont. 633, 194 Pac. 496.

"We therefore hold that in such cases the same rule will apply to findings of fact, actual or presumptive, by the commission as applies to actual or presumed findings of fact by a trial court or the verdict of a jury under the same circumstances."

This is the rule in most of the states, made so by the statute in some and by court decisions in others. Obviously some tribunal must pass upon the credibility of the witnesses, weigh the evidence, and decide which way the scales turn. As in court proceedings this function is cast upon a jury or trial

judge, in compensation cases it is left to the Commission. As the courts, upon proper assignment, have always looked into the evidence with a view of determining if the verdict found support therein, so this court has in some instances reviewed the evidence before the Industrial Commission to determine if it supported the award. *Ocean Accident & Guarantee Corporation* v. *Industrial Commission*, 32 Ariz. 265, 257 Pac. 641; *Pacific Fruit Express Co.* v. *Industrial Commission*, 32 Ariz. 299, 258 Pac. 253; *Netherton* v. *Lightning Delivery Co. et al.*, 32 Ariz. 350, 258 Pac. 306. Where there is no evidence to support the Commission's findings, or where the Commission's conclusions from the findings of fact are clearly erroneous, such findings or conclusions will not be permitted to stand. If, however, there is substantial evidence in support of the Commission's findings, such findings will be regarded as binding upon the court. When the court reviews the evidence it is not for the purpose of weighing or reconciling it, but to ascertain if there was evidence that reasonably supported the award.

The evidence before the Commission on the only controverted question, to wit, as to whether the claimant was injured by an accident arising out of and in the course of his employment, was in sharp conflict. We think a conclusion either way might reasonably have been drawn therefrom. The controversy was resolved against the claimant by the properly constituted trier of the facts, and under the rule its findings are binding upon the court.

The award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.