State ex rel. Madison Airport Company, Appellant, vs. Wrabetz and another (Industrial Commission), Respondents.

*March 9—April 11, 1939.*

For the appellant there was a brief by *Charles G. Riley, Alton S. Heassler,* and *Roberts, Roe & Boardman,* all of Madison, and oral argument by *Mr. W. Wade Boardman, Mr. Riley,* and *Mr. Heassler.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FRITZ, J. In its petition for a writ of *mandamus* the relator, Madison Airport Company, alleged the following matters. The defendants, Voyta Wrabetz and Harry R. Mc-Logan, are commissioners of and constitute the Industrial Commission of this state. Eleanore Anderson filed an application with the commission for compensation by reason of the death of her husband, Harold Anderson, who, she alleged, was an employee of the relator and killed in the course of his employment. The relator denied that Harold Anderson was in its employment; that he met his death in the course thereof; and that it was subject to the Compensation Act. Hearings upon the issues were had before one examiner and later before another examiner, and the testimony presented by the parties was taken in shorthand by phonographic re-

porters provided by the commission. The examiners signed and filed findings and awarded compensation benefits to be paid by the relator to the applicant. Within twenty days the relator filed a written petition with the commission, as a commission, to review the examiners' findings and order; and demanded of the defendants herein that the testimony taken before the examiners be transcribed and considered by the defendants in reviewing the examiners' findings and award, and that oral arguments be permitted to be heard by defendants, as a commission, upon such review. On August 12, 1937, the commission entered the following order:

"Petition for review in the above matter having been presented to the Industrial Commission alleging error in the findings and order of the examiners made on July 13, 1937; and the Industrial Commission having reviewed the entire record, and particularly the testimony upon which petitioner relies in support of his contention, and having reached its conclusion in respect to the matter set out in the petition;

"Now, therefore, The Industrial Commission does order— That such findings and order be, and the same are hereby affirmed. . . .

"INDUSTRIAL COMMISSION OF WISCONSIN,
"By Voyta Wrabetz,
"Harry R. McLogan,
"Commissioners."

The relator further alleged that it had duly commenced an action in the circuit court against the commission and Eleanore Anderson for a review of the order and award of the commission; that the record returned by the defendants in that action is erroneous in that it fails to show the facts and circumstances attending the alleged review by the commission; and that, as the relator alleges upon information and belief,—

"the order of August 12, 1937, aforesaid is in fact false in that it contains a recitation that the Industrial Commission had reviewed the entire record and particularly the testimony upon which the petitioner relied in support of its contention,

whereas in fact the alleged review was and is void and of no effect for the following reasons:

"a. Two examiners separately heard parts of the testimony only and neither examiner heard the whole thereof, or any transcription thereof, or any reading of the stenographer's notes thereof in making the purported findings and order of July 13, 1937.

"b. The Industrial Commission did not meet as a commission in making the alleged review referred to in the order of August 12, 1937, or in entering said order.

"c. The Industrial Commission did not read or have read to them any transcript of the testimony presented upon the hearings conducted by the examiners aforesaid, nor the notes of the phonographic reporter taken at such hearings, and did not read or have read to them the exhibits introduced upon such hearings."

The relator also alleged that the defendants threaten to bring the action to review the award in the circuit court on for a hearing upon the false and erroneous record, which the commission failed to correct as duly demanded by the relator to conform to the facts as alleged by it; and that the relator has no adequate remedy at law or of any kind except by *mandamus* to compel the defendants to correct said record to conform to the facts as alleged by it.

On this appeal the relator contends that it is entitled to have the record, which the commission returned in the action to review its award, corrected to conform to the true facts material and necessary to due process in proceedings on an application for workmen's compensation; and that *mandamus* is a proper remedy to compel the correction of a return, which contains misstatements of fact and imputes verities contrary to the fact. On the other hand, Wrabetz and McLogan contend, in support of their motion to quash the alternative writ, and the court's order thereon, that in compensation cases the circuit court acquires jurisdiction solely from the compensation act, and has no authority to issue a writ of *mandamus* in compensation cases; that *mandamus* can be issued only to compel performance of a clear legal duty; and that the com-

mission was under no duty to certify how the examiners heard the testimony, or whether the commissioners met and acted as a commission, or read a transcript of the testimony.

As this court has said:

"*Mandamus* is a remedy only to be applied in extraordinary cases where there is no other adequate remedy. Where the applicant has an adequate remedy by action the writ will not be awarded." *State ex rel. Burg v. Milwaukee Medical College,* 128 Wis. 7, 12, 106 N. W. 116.

"The existence or nonexistence of an adequate and specific remedy at law, in the ordinary forms of legal procedure, is therefore one of the first questions to be determined in all applications for the writ of *mandamus;* and whenever it is found that such remedy exists, and that it is open to the party aggrieved, the courts uniformly refuse to interfere by the exercise of their extraordinary jurisdiction by *mandamus.*" *Board of Education v. State ex rel. Reed,* 100 Wis. 455, 462, 76 N. W. 351; *State ex rel. Baraboo v. Page,* 201 Wis. 262, 229 N. W. 40.

"Where a statute prescribes a remedy which is plain, clear, specific, and adequate, it is generally held that such remedy is exclusive. See 38 C. J. p. 568, § 39, where it is said: 'Applying general principles already considered, it is very generally held that the existence of a specific statutory remedy will exclude *mandamus,* although the act sought to be compelled is purely ministerial in its nature.' " *State ex rel. Wisniewski v. Rossier,* 205 Wis. 634, 640, 238 N. W. 825.

Sec. 102.23 (1), Stats., provides, in relation to an award made by the commission, that the award,—

". . . shall be subject to review only in the manner and upon the grounds following: Within thirty days from the date of the order or award of the commission as a body any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant. . . . Said action may thereupon be brought on for hearing before said court upon such record by either party on ten days' notice to the other. . . . Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore

have been rendered thereon; but the same shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award."

If, in the action thus authorized by statute, the relator can have adequate relief and remedy for the correction or avoidance of the alleged errors in the commission's return by reason of the alleged false recitals in its order affirming the examiner's award, then there is no necessity for and the relator cannot maintain this collateral action to compel the correction of that return by *mandamus*. Sec. 102.18 (2), Stats., provides, in respect to findings and orders made by an examiner, that,—

". . . Any party in interest who is dissatisfied with the findings or order of a commissioner or examiner may file a written petition with the industrial commission *as a commission* to review the findings or order."

And it is prescribed in sub. (3) of sec. 102.18, Stats., that,—

". . . Within ten days after the filing of such petition with the commission the *commission* shall either affirm, reverse, set aside or modify such findings or order in whole or in part, or direct the taking of additional testimony. *Such action shall be based* on a *review of the evidence submitted.* . . . "

The use of the terms "commission" and "as a commission," instead of requiring but a commissioner, in those provisions relating to a review of and action by the commission upon examiners' findings or orders, has significance in the law. In view of the use of those terms, those provisions do not admit of action on a review by but one of the commissioners, or action which is not based, in fact, upon a review of the evidence. Consequently, if, in the action brought by the relator to vacate the commission's affirmation of the examiners' find-

ings and award, the relator establishes by competent proof its allegations that the alleged review by the commission was not based upon the evidence in that the commissioners had failed to read or have read to them a transcript of the evidence or phonographic notes thereof, or to otherwise duly address themselves to that evidence, then there was manifestly a denial of a review in the manner in which sec. 102.18 (3), Stats., required the commission to act. Such unlawful action on the part of the commission would be not only without or in excess of its powers and operate in effect as a fraud upon the relator, but would also constitute a denial of due process of law, in violation of the constitutional safeguards in that regard. As has been said in a number of cases, the cardinal and ultimate test of the presence or absence of due process of law in any administrative proceeding is the presence or absence of the "rudiments of fair play long known to our law." *West Ohio Gas Co. v. Public Utilities Comm.* (No. 1) 294 U. S. 63, 71, 55 Sup. Ct. 316, 79 L. Ed. 761; *Chicago, M. & St. P. R. Co. v. Polt,* 232 U. S. 165, 168, 34 Sup. Ct. 301, 58 L. Ed. 554; *Ohio Bell Tel. Co. v. Public Utilities Comm.* 301 U. S. 292, 300, 57 Sup. Ct. 724, 81 L. Ed. 1093; *Morgan v. United States,* 304 U. S. 1, 15, 58 Sup. Ct. 773, 82 L. Ed. 1129; *Morgan v. United States,* 298 U. S. 468, 480, 56 Sup. Ct. 906, 80 L. Ed. 1288. In the case last cited, Mr. Chief Justice HUGHES said:

"If the one who determines the facts which underlie the order has not considered evidence or arguments, it is manifest that the hearing has not been given. . . . It is no answer to say that the question for the court is whether the evidence supports the findings and the findings support the order. For the weight ascribed by the law to the findings—their conclusiveness when made within the sphere of the authority conferred—rests upon the assumption that the officer who makes the findings has addressed himself to the evidence and upon that evidence has conscientiously reached the conclusions which he deems it to justify. That duty cannot be performed by one who has not considered evidence or argument. It is

not an impersonal obligation. It is a duty akin to that of a judge. The one who decides must hear. . . . And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them. That duty undoubtedly may be an onerous one, but the performance of it in a substantial manner is inseparable from the exercise of the important authority conferred."

The reasons and conclusion thus stated are equally applicable to acts of the Industrial Commission in the exercise of its powers under sec. 102.18 (3), Stats., and compel the conclusion that the purported action thereunder by the commissioners, if they did not in fact read or hear read the transcript, or the phonographic notes of the evidence taken by the examiners or did not otherwise address themselves thereto, was clearly without or in excess of the commission's powers, because of which there was such a jurisdictional defect that its action must be set aside under par. (a) of sec. 102.23 (1), Stats.

That was recognized by *Ducat v. Industrial Comm.* 219 Wis. 231, 232, 262 N. W. 716, when we said,—

"Plaintiff contends that in this case the commission failed to consider and review testimony offered by plaintiff at a hearing before an examiner; that this constituted a jurisdictional defect which required that the award be set aside and the record remanded for further proceedings. The contention is doubtless sound in principle, although its merits need not be determined here."

In respect to the right of an aggrieved party to offer proof in contradiction of a recital in a commission's findings and award, the court said in *Hackley-Phelps-Bonnell Co. v. Cooley,* 173 Wis. 128, 133, 179 N. W. 590,—

"It would be indeed surprising if a party had no opportunity to show, if such be the fact, that a document in the record purporting to be the findings and award of the commission was in fact not the act of the commission. We are not

convinced that this assumption is correct. If the charges of counsel amount to allegations of fraud there was an ample remedy by offering proof of the facts alleged. *International H. Co. v. Industrial Comm.* 157 Wis. 167, 172, 147 N. W. 53."

And in the *International H. Co. Case* then cited, the court said (p. 172):

"Where an award is attacked as having been procured by fraud, it is probable that the statute contemplates that evidence may be taken on this issue in the circuit court. Whether this be correct or not, it is certain that this is the only ground on which the circuit court can consider any facts not found in the record as returned. Both parties must offer any testimony they wish to adduce before the commission except on the issue of fraud."

Thus this court has recognized that when an order or award of the commission is challenged in an action to vacate it because of alleged illegal acts or conduct on the part of the commission, subsequent to the taking of the testimony upon which it should have based its order or award, then the circuit court may take evidence in that action in relation to such acts or conduct. An order or award made in a proceeding conducted in disregard of the procedural safeguards prescribed by the statute authorizing the exercise of authority by the commission, or in disregard of the rudiments of fair play required by the federal and state constitutions, is certainly without and in excess of the commission's powers; and under the power vested in the circuit court by sec. 102.23, Stats., in an action brought to set an order or award aside on that ground, it is within the jurisdiction of the court to receive evidence to establish such disregard or noncompliance on the part of the commission. If the courts did not have the power to take evidence in relation to such defects in procedure leading up to the entry of an order by an administrative body, the statutory safeguards and constitutional guaranties of due process would be meaningless. Although it is not within the court's

functions or province to probe the mental processes of administrative officials in reaching conclusions, the recitals in their orders as to their procedure in conducting *quasi*-judicial proceedings are not conclusive in actions to determine whether a plaintiff is entitled to have an order vacated on the ground that the officials acted without or in excess of their powers, and in such actions the plaintiff is entitled to have the court receive his proof and render a decision on that issue. *Morgan v. United States,* 298 U. S. 468, 477, 56 Sup. Ct. 906, 80 L. Ed. 1288; *National Labor Relations Board v. Cherry Cotton Mills* (5th Cir.), 98 Fed. (2d) 444. Proper performance of the many additional onerous duties which have been imposed upon the three members of the Industrial Commission by legislation enacted since the creation thereof in 1911, primarily for the purpose of regulating industry and administering the Workmen's Compensation Act, may make it impossible for each commissioner to address himself to the evidence in all matters requiring *quasi*-judicial action on his part, in the manner necessary under the statutes and the "rudiments of fair play long known to our law." Although the functions, powers, and jurisdiction of the commission, as originally created, have been greatly enlarged by legislation enacted to meet demands for additional administrative agencies exercising *quasi*-judicial powers in many other respects than the Regulation of Industry and Workmen's Compensation (chs. 101, 102, Stats.), there has been no increase whatever in the number of its commissioners to enable them to discharge their nondelegable duties in compliance with the statutory prerequisites and the constitutional due-process-of-law safeguards.

It follows that the relator is entitled to introduce proof in its action for the vacation of the award to establish, if it can, that the defendants did not in fact base their review on the evidence, as required by sec. 102.18 (3), Stats., in that they did not read or have read to them a transcript of the testi-

mony or the stenographic notes thereof, or otherwise duly address themselves thereto. As the relator can subpœna the commissioners and commission employees to testify in that action regarding the facts upon which the relator claims to be entitled to have defendants correct the return made by them in that action, it is evident that the relator has an adequate remedy therein and therefore is not entitled to a writ of *mandamus*. It may be well to add that the examiners' alleged acts in joining in findings without each having heard or read all of the testimony became immaterial upon the adoption of their findings and order by the commission as its findings and award. That, if valid, would in effect supersede the examiners' findings and order.

*By the Court.*—Order affirmed.