187 P.2d 324

**REINARTZ v. INDUSTRIAL COMMIS-SION et al.**

No. 4971.

Supreme Court of Arizona.

Dec. 8, 1947.

Norman S. Herring, of Douglas, for petitioner.

John R. Franks, of Phoenix (H. S. Mc-Cluskey, of Phoenix, of counsel), for respondent Industrial Commission.

STANFORD, Chief Justice.

This is a workman's compensation case coming to us by certiorari. Petitioner was injured by an accident arising out of and in the course of his employment with the Shell Oil Company, on January 15, 1945, at Douglas, Arizona. While he was unloading a barrel of solvent from the rear of a truck, petitioner lost his balance and fell from the truck to the pavement. By reason of the fall, petitioner sustained an injury causing him to be unconscious for some time.

In April of the same year, because of severe pains in the back and headaches, petitioner consulted a doctor at Douglas, Arizona.

On June 11th of that year petitioner applied to the Industrial Commission of Arizona for compensation, and received compensation until November 14, 1945,

when he was directed by the Commission to return to light work.

The records show that through an order of the Industrial Commission made on July 13, 1945, petitioner was paid the compensation referred to, but it was for time lost from work subsequent to May 3, 1945. The order also included medical benefits.

Prior to February 1, 1946, petitioner had been examined by the following named doctors: Drs. Guy B. Atonna, R. Lee Foster, James R. Moore, Stanford F. Hartman, Leslie B. Smith. and T. A. Hartgraves. Dr. Hartman is an orthopedic specialist of Phoenix, and Dr. Hartgraves is an X-ray specialist of the same place.

On February 1, 1946, petitioner was examined by Drs. Stanford F. Hartman, J. M. Greer, George A. Williamson, Leslie B. Smith, and James R. Moore, and on May 1st, 1946, and again on May 7th of that year, he was examined by Dr. O. L. Bendheim, a neurological and psychiatric specialist.

We find that petitioner had requested that Dr. J. Lytton-Smith be called in to examine him, and that on April 30th, 1946, Drs. J. Lytton-Smith, George A. Williamson, J. M. Greer, Leslie B. Smith, and James R. Moore examined the petitioner. On May 28th, following that examination, the Commission made and entered its amended findings and award to the effect that "the medical evidence reflects that applicant has no physical disability resulting from injury by accident." He was awarded temporary disability from May 3, 1945, through May 14, 1946, in the aggregate sum of $1,428.83, together with medical benefits through that period. · From that order a rehearing was requested and granted by the Commission. Examinations of physicians were held in that respect on August 27th and October 22nd, at which time petitioner was present in person and by counsel, and still a further examination was held at Douglas, Arizona, on October 29th and one at Tucson on October 30th. At the latter place Dr. George L. Dixon was examined and cross examined in the presence of petitioner and his counsel, and the matter at that time was continued or held open until January 18, 1947, at which time the Commission entered its · decision upon rehearing and its order affirming previous findings and award. This petition for rehearing having been denied by the Commission, the matter was brought to this court.

The petitioner submits two points termed by him objections. They are:

"1. The examinations of April 20, 1946, were conducted in such a manner as to be prejudicial to the rights of the applicant and conducted in such a manner so as to not fully disclose to anyone the injury from which applicant suffered. That the examination of May 7th to May 11th, 1946, by Dr. Bendheim was not only nonsense but absurd, stupid and inhuman.

"2. That the *purported examinations* were not complete and omitted the com-

plete inquiry to which any applicant is entitled."

The petitioner has cited no authorities to sustain his position, and in his brief has made the statement: "it is the contention of the appellant that when the Industrial Commission made their award they did not have the full facts before them."

 There may come a time when this petitioner may be able to show that he has the injury of which he complains, but where does this court now stand with the findings of the Industrial Commission before it? This court must recognize such findings in the same manner as it does the verdict of a jury or the decision of a trial court.

On certiorari proceedings this court will only review the record for the purpose of determining whether or not the award of the Commission is supported by the evidence. The leading physicians and surgeons of our state have spoken on the subject and all except two have said that there was no injury to this petitioner, and as to those two physicians they asked that the matter might be extended further on rehearing. If there is any substantial evidence supporting the findings of the Commission or if the evidence is in conflict so that reasonable men might differ as to the ultimate facts, the Supreme Court will sustain the award. In our early case of Blankenship v. Industrial Commission, 34 Ariz. 2, 267 P. 203, 205, we stated the rule that still is followed:

"* * * If, * * * there is substantial evidence in support of the commission's findings, such findings will be regarded as binding upon the court. When the court reviews the evidence it is not for the purpose of weighing or reconciling it, but to ascertain if there was evidence that reasonably supported the award."

We find that the testimony submitted in this case supports the award made by the Commission, and accordingly the same is affirmed.

LaPRADE and UDALL, JJ., concur.