(Nos. 44119, 44120 cons.—

KARL G. ZIMMERMAN, JR., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Caterpillar Tractor Company, Appellee.)

*Opinion filed January 28, 1972.*

MATHIS, SLOAN & LITTLER, of Peoria, for appellant.

WESTERVELT, JOHNSON, NICOLL & KELLER, of Peoria, (DAVID A. NICOLL and ROBERT D. JACKSON, of counsel,) for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a combined appeal from the circuit court of Peoria County which entered orders each quashing a writ of *certiorari* and sustaining the Industrial Commission's refusal to reinstate either of two workmen's compensation cases filed by Karl G. Zimmerman, Jr., who allegedly sustained two separate injuries in the course of his employment at Caterpillar Tractor Company. The first occurred on May 7, 1965, and the second occurred on

November 29, 1966. An application for adjustment of claim was filed with the Industrial Commission for each injury. Over a period of two years, in addition to notices of hearing on said claims which were not marked "final notice", one case was set for hearing on "final notice" 19 times, and the other case was set for hearing on "final notice" 6 times. Both cases were set for hearing on "final notice" on December 11, 1968. On that date the petitioner and his counsel did not appear and both cases were set for hearing the next day, December 12. On that date again neither the petitioner nor his attorney was present and both cases were dismissed for want of prosecution.

The petitioner filed unverified motions to reinstate before the Industrial Commission. In them he alleged that he was continuing to receive treatment, that the petitioner's attorney had been in communication with the attorney for the respondent concerning settlement and that he had no reason to believe that he would be defaulted. Each motion further alleged that the petitioner has a meritorious claim. At the hearing on the motion the petitioner's attorney acknowledged that neither he nor the petitioner had been present at the hearing set for December 11. The Commission denied the motion to reinstate in both cases.

Petitioner sought review in each case by *certiorari* in the circuit court of Peoria County. In support of the *certiorari* proceedings petitioner filed in the circuit court affidavits which set forth the practice of the Industrial Commission of setting all Caterpillar Tractor Company cases for one day. He alleged that this extended to Caterpillar preferential treatment and inconvenienced petitioners inasmuch as more than 20 cases involving Caterpillar were set for the one day. The circuit court entered orders quashing the writs of *certiorari* and sustaining the orders of the Industrial Commission.

Petitioner contends that the respondent's failure to file answers to his petitions to reinstate constitutes an

admission of the allegations thereof and that the same should therefore have been allowed. In support of his position the petitioner cites several cases which involve section 72 of the Civil Practice Act. (Ill.Rev.Stat. 1969, ch. 110, par. 72.) However, this is not a section 72 proceeding and we deem it unnecessary to discuss the applicability of such authority to this case. Assuming, *arguendo,* that the respondent's failure to answer the unverified petition does constitute an admission of the allegations thereof, these admissions will only justify the allowance of the petition if the facts pleaded and admitted are sufficient to authorize the relief prayed.

In a petition for reinstatement before the Industrial Commission, the burden is on the petitioner to allege and prove facts justifying the relief prayed. The granting or denying of the petition to reinstate rests in the sound discretion of the Commission. In our case the allegations of the petition do not set forth reasons why the petitioner did not follow his cases or why his counsel ignored so many final notices of hearing. Likewise, the petitions do not disclose why the petitioner or his counsel were not present on December 11, 1968, the final hearing date, or on December 12, 1968, the date that the claims were dismissed for want of prosecution. At the hearing on the petition to reinstate, counsel for the petitioner informed the commissioner that his absence on December 11, 1968, was due to inadvertence. The Workmen's Compensation Act (Ill.Rev.Stat. 1969, ch. 48, par. 138.1 *et seq.*) is remedial in nature and must be liberally construed. However, the Industrial Commission had before it the petitions to reinstate and heard the explanation of counsel for the failure to appear. Under the facts presented in this case we do not consider that the Industrial Commission abused its discretion in its failure to allow the motions to reinstate.

On *certiorari* to the circuit court in each case

petitioner filed affidavits attempting to set forth the practice of the Commission by setting all of Caterpillar Tractor Company cases for one day, thereby favoring Caterpillar and inconveniencing the claimants. Petitioner cites *State ex· rel. Madison Airport Co. v. Wrabetz, 231 Wis. 147, 285 N.W. 524,* as authorizing the introduction of evidence when a compensation case is pending on review in the circuit court. Without comparing the Illinois Act with the Wisconsin Act we point out that the Wisconsin case holds that only in the limited area of showing illegal or unauthorized acts or conduct on the part of the Commission may evidence *dehors* the record be presented to the court on review. The allegations of the affidavits filed in our case allude to no illegal or unauthorized act or conduct on behalf of the Industrial Commission. Even under the rule of the Wisconsin case cited, evidence of the nature offered here would not be admissible. This court has held that the circuit court in a compensation case on *certiorari* tries the case on the record alone and has no authority to try the case *de novo* or to hear evidence. *(Plano Foundry Co. v. Industrial Com., 356 Ill. 186, 191.)* For the purposes of this case we need not decide whether, given the factual picture present in the Wisconsin case, evidence could be presented in the circuit court for the limited purposes allowed in Wisconsin.

The orders of the circuit court of Peoria County quashing the writs of *certiorari* issued on behalf of the petitioner and confirming the order of the Industrial Commission are hereby affirmed.

*Orders affirmed.*