(No. 57633.—

BENJAMIN BROMBERG, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Jewish Family and Community Service, Appellee).

*Opinion filed September 23, 1983.*

Sheldon A. Harris, of Chicago, for appellant.

Kane, Doy & Harrington, of Chicago (Steven H. Shanok, of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant Benjamin Bromberg, an attorney, appeals from an order of the circuit court of Cook County confirming the Industrial Commission's decision denying his petition to reinstate his workmen's compensation case which had been dismissed by the Commission on July 21, 1981, for want of prosecution and for failure to perfect review.

Claimant, who had practiced law privately since his admission to the bar in 1938, began his employment with respondent, Jewish Family and Community Service of Chicago, as director of its legal aid department in June 1972. In 1978, he filed an application for adjustment of claim with the Industrial Commission alleging that he was permanently disabled as a result of a heart attack suffered on August 15, 1977, while employed by respondent.

Following five days of hearings between April 1979 and January 1980, an arbitrator found that claimant failed to prove that his ill-being resulted from an accident arising out of and in the course of his employment. Notice of that decision was filed with the Commission on April 3, and claimant filed a petition for review before the Commission on April 15, with a request for a 30-day extension in which to file a transcript of the evidence or an agreed statement of facts. He also indicated that he intended to present additional medical evidence at the hearing on review. The record indicates that the transcript of evidence was filed on April 29, 1980, but it was never authenticated as required by statute (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b)) and Commission rules (Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensation and Occupational Diseases Act, sec. 4, Rule 4—(2)(D) (1977)).

Claimant's case was scheduled for hearing before the

Commission on at least eight different dates over a 14-month period before it was dismissed. The first three dates were in 1980, on May 20, September 16 and December 2. (The record indicates that it may also have been scheduled for September 30.) It was continued each time. While there is no record of the reasons for the continuances in 1980 or at whose request they were made, on February 17, 1981, the next scheduled hearing date, respondent's attorney appeared before the Commission and moved that the proofs be closed. He noted how long the case had been pending on review and that it had been set for hearing on three previous occasions. He further advised the Commissioner that the previously assigned Commissioner had ordered that claimant submit any additional medical evidence by deposition on or before February 17. Claimant's attorney was not present at this time; however, he had apparently appeared earlier that day and secured a continuance until April 10 from the Commissioner before whom respondent's attorney was arguing. The Commissioner noted respondent's motion, indicated that he had no record of the prior proceedings, and stated that an order would be entered that additional evidence by deposition was to be submitted no later than April 10 at 2 p.m.

Claimant's attorney neither appeared nor submitted additional evidence on April 10. The case was continued until June 9, at which time claimant's counsel again failed to appear, and respondent's attorney again objected to any further continuances. Although observing that the case had been on the review call for over a year and scheduled for hearing several times, the Commissioner also noted that claimant's attorney had not been present at the last hearing, and stated that, to avoid any lack of communication with respect to the hearing date, the case would be continued until June 30, with notice to be sent. Although the case was noted for that date on

the file and on the call sheet, apparently notice was inadvertently not sent, and no one appeared on claimant's behalf. The Commissioner again continued the case until July 21, at 9:30 a.m., over respondent's objection that it was claimant's responsibility, as the petitioning party, to pursue his claim on review and ascertain the scheduled hearing dates, and that the Commission did not have a continuing obligation to send out notices after claimant's repeated nonappearances.

Notice of the July 21 hearing date was given, claimant's counsel failed to appear, and at approximately 10:30 a.m. on that date the case was dismissed. Claimant's attorney arrived sometime between 11 and 11:30 a.m. and was informed of the dismissal.

The following day, claimant filed a petition to vacate the dismissal and to reinstate the case, and a hearing was held the following September. Counsel for claimant advised the Commission that the reason for his failure to appear on July 21 was that he was involved in a contested case in the circuit court of Cook County from 9:15 until 10:45 a.m. He had anticipated that the hearing in the circuit court would be completed in a shorter time. Further, he stated that there was a demonstration in the lobby of the State of Illinois Building when he arrived which prevented his access to the elevators for a short time, and that this also contributed to his delay. Following argument by both parties, the Commission noted the number of times the case had been scheduled, and that there had been no effort by claimant to communicate potential problems in proceeding. It also noted that, in any event, there was no indication that claimant had been prepared to proceed on July 21, and denied reinstatement.

In affirming the Commission, the circuit court made the following findings and apt observations:

"I have listened with care to the arguments of counsel. I have reviewed the very extensive briefs that were

filed. I find no abuse of discretion by the Industrial Commission. I cannot say that this decision is contrary to the manifest weight of the evidence or contrary to law. *** In the Court's opinion this is symptomatic of a malaise that grips the entire metropolitan system of justice.

The endless delays, the endless failures of attorneys to appear without excuse, either real or apparent, to inform a hearing officer as to the reasons for delay has reflected for years adversely upon the effective administration of justice and continues to do so and will continue to do so until the Appellate Courts start acting to see to it that lawyers fulfill their responsibilities to their clients and appear on the days and dates set for hearing that move hearings to a proper conclusion."

Claimant argues here that the Commission's decision to deny reinstatement, if upheld, results in a denial of substantial justice because of the conclusive effect of the arbitrator's ruling against him. He accordingly urges that we apply a different standard from that previously announced in assessing the propriety of the Commission's action. Alternatively, he asserts that the Commission abused its discretion because his failure to appear on July 21 was excusable, and the failure to present an authenticated transcript of evidence on arbitration is not fatal since it may be authenticated prior to or at the time set for hearing before the Commission (see Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensation and Occupational Diseases Act, sec. 4, Rule 4—(2)(D) (1977); *Heckard v. Industrial Com.* (1933), 353 Ill. 197, 199).

As this court has consistently held, "In a petition for reinstatement before the Industrial Commission, the burden is on the petitioner to allege and prove facts justifying the relief prayed. The granting or denying of the petition to reinstate rests in the sound discretion of the Commission." (*Cranfield v. Industrial Com.* (1980), 78 Ill. 2d 251, 255; *Shiffer v. Industrial Com.* (1973), 53 Ill. 2d 519, 521; *Zimmerman v. Industrial Com.* (1972), 50 Ill. 2d 346, 349.)

While it is true that the Commission dismissed claimant's petition following a hearing by an arbitrator, in contrast to the cited cases in which the case had been dismissed at the arbitration stage, we consider that the same standard is applicable in reviewing the Commission's decision which denied reinstatement. Just as a petitioner may lose his right to proceed before the Commission by failing to file a timely petition, resulting in a binding decision by the arbitrator (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b); *City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99, 103), so, too, may he lose his right to be heard by the Commission after a timely petition has been filed, by failing to proceed in accordance with the statutory requirements and the governing rules. Had petitioner failed to appear on only one occasion under excusable circumstances, we might well agree that a dismissal by the Commission which precludes a review on the merits would be unwarranted. Here, however, we have a 14-month period involving claimant's failure to proceed or appear despite numerous continuances to enable him to do so, coupled with a failure to present to the Commission an authenticated transcript of the hearings before the arbitrator.

It is entirely clear from this record that claimant failed to appear on April 10, June 9, June 30 and July 21 despite the fact that on April 10 the case had been pending before the Commission for nearly a year. The case had been continued from February 17 at claimant's request, and it is conceded that all parties had notice of the April 10 hearing date. The only effort by claimant's attorney to justify his failure to appear on that date was by evidence *dehors* the record which was not properly before the circuit court. (*Zimmerman v. Industrial Com.* (1972), 50 Ill. 2d 346, 350.) While counsel complains that the record shows he had no notice of the June 9 or June 30 hearing dates, the responsibility was his to ascertain the status of his case after he failed to appear on the April 10 date to which the

hearing had been continued at his request. (See *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 311; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464; Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensation and Occupational Diseases Act, sec. 4, Rule 4—(2)(D) (1977).) So far as counsel knew, his case might have been dismissed or the proofs closed on that date; he is not entitled to assume that, in the face of his apparent lack of interest, a benevolent commissioner will automatically continue the case, fix a new hearing date and notify him thereof. Given the procedural history of this case prior to July 21, together with counsel's failure to advise the Commission of the scheduling conflicts or the delay on the morning of the 21st, coupled with the unexplained failure to secure an authenticated transcript, we cannot say the Commission's dismissal of the case was an abuse of discretion.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*