·NATHAN WARREN'S CASE. ·

Suffolk.    October 11, 1929. — July 1, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies. *Evidence,* Presumptions and burden of proof.

In proceedings under the workmen's compensation act, the insurer contended that partners, named as employers and the insured, were not proprietors of the business in which the claimant was employed when he was injured, but it was *held* that findings by a single member of the Industrial Accident Board, affirmed by the board on review, that there had been no sale by the partners to a certain money lender and that such partners continued to be owners and managers of the property and business, although for sums borrowed they had delivered a bill of sale to the money lender which had been recorded with the city clerk; and that a so called assignment, also recorded with the city clerk, from the partners to a lawyer, as alleged trustee for the benefit of creditors, was a mere matter of form and never intended to be of any effect or to establish rights, were warranted on the evidence at the hearing at which the partners did not testify but the other parties to the instruments gave their testimony in person; the outstanding circumstance, which might have been found to be the dominating factor, being that the partners remained in control of the business, conducted it to all outward appearances as it had been theretofore conducted and managed, and paid their employees.

At the hearing above described, the single member and reviewing board were not bound to believe all the testimony and were at liberty to place the construction upon the conduct of the parties and the genuineness of the written instruments which seemed most likely to conform to the truth.

The evidence at the hearing above described was *held* to have fallen far short of compelling a finding that the policy of insurance issued to the partners was rendered invalid because of the written instruments executed and delivered without the consent of the insurer.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by

the Industrial Accident Board awarding compensation to one claiming to be an employee of Samuel Brandstadter and Louis Hornstein, doing business as Modern Trunk Company.

In the Superior Court, the case was heard by *Bishop*, J., by whose order a final decree was entered awarding compensation. The insurer appealed.

*G. P. Beckford*, for the insurer.

*M. Entin*, for the claimant, submitted a brief.

RUGG, C.J. It is not questioned that the employee received injury on August 23, 1926, arising out of and in the course of his employment. The controversy relates to the liability of the insurer. The employee was employed by partners who had taken out insurance in due form with the insurer covering their employees for a term including the time of this employee's injury. On the controverted points the single member found that the subscribers, needing more money to carry on their business, borrowed from a money lender, one Dondis, amounts which regularly were entered upon their books. A bill of sale was made by the subscribers to Dondis to secure repayment of the sums thus borrowed, which was recorded with the city clerk. The subscribers continued in the possession of their property and in control and management of their business and Dondis never took possession or exercised management and control of the property or business. Respecting this matter the finding was that there was no sale of the property or business to Dondis, that at most he may have held an equitable mortgage on the property, and that the subscribers continued to be owners and managers of the property and business. It was found further that a so called assignment, also recorded with the city clerk, from the subscribers to a lawyer, one Simon, as alleged trustee for the benefit of creditors, was a mere matter of form and never intended or recorded to be of any effect or to establish rights. It was never put into effect and was regarded as a nullity by all parties to it. These findings were affirmed and adopted by the reviewing board.

These findings of fact must stand if there is any evidence

to support them.   It seems plain to us that they cannot
be pronounced unwarranted.   The evidence need not be
narrated or summarized.   The single member saw the
witness.   The subscribers did not testify but the other
parties to the instruments gave their testimony in person.
The outstanding circumstance, which might have been
found to be the dominating factor, appears to be that the
subscribers remained in control of the business, conducted
it to all outward appearances as it had been hitherto con-
ducted and managed, and paid their employees.   Whether
this was done on borrowed money is of no consequence.
The finding was permissible that the instruments in writing
did not represent genuine transactions but were or were
intended to be something less than they purported to be,
or even were shams.   It is doubtful whether the written
instruments (copies of which have been examined), if rep-
resenting real transactions, rightly construed could be held
to be anything more than transfers of stock in trade and
chattels and not of the business conducted by the sub-
scribers by means of the stock in trade and chattels.   But,
however that may be, it is enough to say that the single
member and reviewing board were not bound to believe
all the testimony and were at liberty to place the con-
struction upon the conduct of the parties and the genuineness
of the written instruments which seemed most likely to
conform to the truth.   The evidence falls far short of
compelling a finding that the policy of insurance issued
to the subscribers was rendered invalid because of these
written instruments without the consent of the insurer.

The motion of the employee to dismiss the appeal need not
be considered because, since the practical result is the same,
there is no objection to stating the grounds of substantive
law requiring a decision in his favor. *Commonwealth* v.
*McNary*, 246 Mass. 46, 48.

The final decree is to be modified so as to include in-
terest from its date to the date of the decree after rescript
on the amounts due the employee. *Johnson's Case*, 242
Mass. 489, 494.   As thus modified, it is affirmed.

*Ordered accordingly.*