[Civil No. 3437. Filed January 29, 1934.]

[28 Pac. (2d) 1006.]

JUD M. RYAN, Petitioner, v. SALT RIVER VALLEY WATER USERS' ASSOCIATION, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Fred C. Bolen and Mr. Ove E. Overson, for Petitioner.

Mr. Don C. Babbitt (Mr. Emil Wachtel and Mr. D. L. Cunningham, of Counsel), for Respondent Industrial Commission.

ROSS, C. J.—This proceeding comes here on *certiorari* to review the action of the Industrial Commission in refusing to grant petitioner, Ryan, an additional compensation for an injury he sustained while in the employment of the Salt River Valley Water Users' Association, insured against liability in

the State Compensation Fund. The injury he suffered was through monoxide gas poisoning while repairing one of the employer's automobiles. It occurred on September 4, 1930. Thereafter, on April 16, 1931, the Industrial Commission awarded him compensation as follows: The sum of $127.75, payable forthwith, and five monthly payments of $84.38 each. This compensation was duly paid and accepted. On June 28, 1933, the petitioner filed an application with the commission for additional compensation on account of alleged newly developed disabilities as a direct result of the monoxide poisoning of September 4, 1930. After a formal hearing, held on July 12, 1933, the application for additional compensation was, on September 20, 1933, denied by the commission on the following grounds:

"1. That the evidence is insufficient to establish that any disability now suffered by the above-named applicant is proximately the result of any injury by accident arising out of and in the course of his employment on September 4, 1930.

"2. That the evidence is further insufficient to establish that said applicant has suffered any increase in disability over that for which he was compensated under the terms of the award of April 16, 1931."

All of the petitioner's objections to these findings, although variously worded, are, in effect, that they are not supported by reasonable, competent evidence, and are "contrary to the reasonable, competent, and reputable evidence of competent witnesses," and a complaint that the commission failed impartially and fairly to examine the evidence produced at the hearing.

An examination of the transcript of the evidence discloses that it consists chiefly of the testimony of medical experts, those for respondents and those for petitioner apparently equally competent to testify and equally trustworthy of belief, so that the impli-

cation that some of the evidence was incompetent is not justified. The ailments of petitioner were internal or subjective and of a nature requiring expert testimony. The criticism, then, is not of an entire absence of evidence to support the commission's findings; it is a complaint against its sufficiency and a request that we examine the evidence and, if satisfied that its weight is against the findings, set them aside.

When there is a substantial conflict in the evidence, we have uniformly accepted the determination of the commission as conclusive, following the court rule which in like circumstances gives credence to the verdict of the jury or decision of the court. Some of the cases so holding are: *Federal Mutual Liability Ins. Co.* v. *Industrial Com.*, 31 Ariz. 224, 252 Pac. 512; *Maryland Casualty Co.* v. *Industrial Com.*, 33 Ariz. 490, 266 Pac. 11; *Blankenship* v. *Industrial Com.*, 34 Ariz. 2, 267 Pac. 203; *Holloway* v. *Industrial Com.*, 34 Ariz. 387, 271 Pac. 713.

It would serve no useful purpose to enter into a discussion and review of the evidence. Suffice it to say there was competent and substantial evidence supporting the commission's findings.

The award is affirmed.

LOCKWOOD, J., concurs.

McALISTER, J., took no part in the decision of this case.