[Civil No. 3615. Filed September 23, 1935.]

[49 Pac. (2d) 394.]

HENRY T. DAVIS, Petitioner, v. INDUSTRIAL COMMISSION OF THE STATE OF ARIZONA and J. NEY MILES, HOWARD KEENER and L. C. HOLMES, Members of the Said Industrial Commission of Arizona, Respondents.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondents.

LOCKWOOD, C. J.—Henry T. Davis, hereinafter called petitioner, made application to the Industrial Commission of Arizona, hereinafter called the Commission, for compensation for an injury which petitioner alleged he received as the result of an accident arising out of and in the due course of his employment on the 15th day of April, 1933. There was some irregularity in regard to the application, but the Commission has waived any objection on this ground, and we therefore assume it was made in proper time and in due form. An award was made which contained among other findings, the following one:

"5. That the evidence is insufficient to establish that the above named applicant sustained an injury by accident arising out of and in the course of his employment with the above named defendant employer, and the evidence is further insufficient to establish that the disability suffered by the applicant is the result of an injury by accident arising out of and occurring within the course of employment."

And compensation was denied. Petitioner applied for a rehearing, and at such rehearing he was the only witness testifying orally as to the alleged accident and injury, though there was considerable documentary evidence as to his physical condition before and after April 15, 1933. The Commission after considering all the evidence reaffirmed the finding above made and again denied compensation, and the matter was brought before us for review in the usual manner.

There is but one question presented for our consideration, and that is whether or not upon the record before us the Commission was justified in making the finding above set forth. It is necessary therefore that we review the evidence briefly. Petitioner testified, in substance, that he had been employed for many years on certain mining property in Yuma county, first as foreman and miner and thereafter as watchman. In September, 1931, and while he was engaged in his occupation as watchman, he fell into a shaft some five or six feet deep striking his right foot on a rock. The foot was sore for some time, but not sufficiently so to prevent his working. Thereafter he again bruised his foot in some manner, and in August, 1932, it became extremely sore. He went to a physician in Yuma, who opened it and took out a considerable amount of pus; petitioner being disabled for something like ten days. The wound then apparently healed in a satisfactory manner and he went back to work. Application for compensation for this injury was thereafter made to the Commission, but denied because it was made more than a year after the accident. On April 15, 1933, and while he was alone at the mine, he was carrying a long and heavy piece of iron pipe, with which he was about to make some repairs on the property, when he again bruised his foot upon a rock. At first it hurt him very little,

but afterwards it commenced to pain severely and swelled. He bathed it in hot water for several days, but the pain grew more severe, so that finally he secured someone to take his place, and on the 13th day of May consulted a physician in regard to the matter. His foot was X-rayed and thereafter operated upon, the operating physician reporting, in substance, that he found an infected ganglion on the right flexor tendon of the great toe of the right foot. The ganglion was removed, but as a result of the infection part of the tendon and the intervening tissues sloughed off. Treatment continued for some months, at which time normal granulation was fairly advanced, but there was still some swelling and tenderness under pressure. The result of the sloughing of the tendon was that a partial permanent disability was caused, due to the inability of petitioner properly to flex his great toe. In the opinion of the operating physician the ganglion which necessitated the operation was caused by the injury which petitioner alleged he had received on April 15, 1933.

Just before the rehearing petitioner was examined by the Medical Rating Board appointed by the Commission, which consisted of some six well-known and reputable physicians. This board, after considering the reports of the attending physicians, both during August and September, 1932, and from May to August, 1933, reported that because of the discrepancies in the history of the case they were unable to determine the origin of the disability. Two of the examining board made a more detailed report of the result of their examination, and one of them stated positively that in view of the previous medical history of the case, in his opinion it was impossible that the ganglion could have been caused by the alleged accident on April 15th, and that while it was possible that

an accident on that date might have lit up an infection which was then quiescent, that any permanent partial disability present at the time of the examination was undoubtedly due to a condition existing prior to April 15th.

█ It is the generally accepted rule that the petitioner for compensation under a workmen's compensation law is in the position of the plaintiff in an ordinary civil action in the sense that he is required to establish to the satisfaction of the triers of fact by a reasonable preponderance of the evidence that the injury for which he claims compensation was caused by an accident arising out of and in the course of his employment. *Johnson* v. *Industrial Commission,* 35 Ariz. 19, 274 Pac. 161; *Sponatski's Case,* 220 Mass. 526, 108 N. E. 466, L. R. A. 1916A 333. The burden of proof is upon him at all times to establish his rights. And in determining whether this burden has been met the Commission, as triers of fact, is subject to the same rules of law as to the credibility of witnesses and the weight to be given their testimony as a court or jury in a civil action. *Hansen* v. *Frankfort Chair Co.,* 249 Ky. 194, 60 S. W. (2d) 349; *Warren's Case,* 272 Mass. 127, 172 N. E. 254; *Rukavina* v. *Industrial Commission,* 68 Utah 1, 248 Pac. 1103; *Serrano* v. *Cudahy Packing Co.,* 194 Iowa 689, 190 N. W. 132. These general principles of law are not denied by petitioner. He contends, however, that he has met successfully the burden resting upon him by his testimony as to the accident of April 15th, and that the Commission may not arbitrarily disregard such testimony. In support of his contention he cites the case of *Illinois Bankers' Life Assn.* v. *Theodore,* 44 Ariz. 160, 34 Pac. (2d) 423, 428, and quotes from the case as follows:

"It is stated by defendant as follows: 'Where credible witnesses with apparently adequate opportunity for observation testify to a condition, occurrence or state of facts, no conflict arises by the negative testimony of other witnesses, and the court should direct a verdict.' The questions are: (a) May a jury disregard the uncontradicted testimony of an unimpeached and credible witness, and (b) is negative testimony alone sufficient to constitute a contradiction? We have had the first question under consideration in the cases of *Crozier* v. *Noriega*, 27 Ariz. 409, 233 Pac. 1104, and *Otero* v. *Soto*, 34 Ariz. 87, 267 Pac. 947, 949. In the last-named case, after quoting from the first one, we say: 'In other words, if any circumstances appear in the case which would justify a reasonable man in discrediting the statement of a witness, the jury may refuse to believe it, even though it is not directly challenged, but they may not arbitrarily reject uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances of the case casts suspicion thereon.' "

We reaffirm the rule which we have previously laid down in the three Arizona cases just above cited.

The question then is: Do "any circumstances appear in the case which would justify a reasonable man in discrediting the statement . . . " of petitioner as to the accident of April 15th? We have had a somewhat analogous situation before us in the cases of *Lentz* v. *Landers*, 21 Ariz. 117, 185 Pac. 821, 825, and *Nichols* v. *McClure*, 23 Ariz. 27, 201 Pac. 95. In the first-named case, after considering the question and the authorities most carefully, we quoted approvingly the New York rule as follows:

"The mere fact that the witness is interested in the result of the suit is sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact, and that either a court or a jury is at liberty to disbelieve his testimony solely on the ground that he is interested."

And in the second case we reaffirmed the same rule that a trier of fact was at liberty to disbelieve the testimony of a party solely on the ground that he was interested in the result of the case. Such being the fact, we cannot say as a matter of law that the Commission was required to accept the testimony of petitioner as to the alleged accident of April 5, 1933, and if this be either rejected or doubted, leaving in the record the admissions of the petitioner as to his previous injury and the medical testimony, still less can we say as a matter of law that the Commission was not authorized to find that petitioner had failed to establish the fact that the injury for which he sought compensation was caused by an accident occurring on the 15th of April, 1933.

Had we sat as triers of fact, we might have reached a different conclusion; but such is not our province. It is only when we can say as a matter of law that the evidence appearing in the record can on no reasonable theory be held to sustain the finding of the Commission that we are justified in setting aside its conclusions as to the facts of a case.

For the foregoing reasons the award is affirmed.

McALISTER and ROSS, JJ., concur.