[Civil No. 4063.   Filed June 5, 1939.]

[91 Pac. (2d) 259.]

BILL SHERWOOD, Petitioner, v. THE INDUS-TRIAL COMMISSION OF ARIZONA, and L. C. HOLMES, SAM W. PROCTOR and J. NEY MILES, as Members of The Industrial Commission of Arizona, Respondents.

Mr. Renz L. Jennings and Mr. Emmett R. Feighner, for Petitioner.

Mr. Howard A. Twitty, for Respondents.

ROSS, C. J.—This is a proceeding by *certiorari* to review an award of the Industrial Commission allowing compensation to the petitioner, Bill Sherwood, for an injury he sustained while an employee of the Del

E. Webb Construction Company, insured in the state compensation fund. He insists the award is inadequate. He was injured May 18, 1938, when a joist 4x6 (and some 26 feet long) fell upon him from a height of about 12 feet, on the third floor of the Capitol Addition then under construction by his employer. The impact was against his left arm and thigh and left thereon abrasions and contusions. The blow knocked him down and in some manner twisted his right knee. He was dizzy and nauseated but did not become unconscious. Right after the accident and as a result thereof he claimed his back and right knee were sprained and that he suffered injury to his left chest wall. His physicians, A. M. Tuthill and Norman A. Ross, sent him to St. Joseph's Hospital for care and rest, where he remained for some ten days. On May 19th he was X-rayed by the Phoenix Pathological Laboratory and the findings were:

"Roentgenographic examination of this patient's chest with special reference to the rib structure on the left side does not show evidence of fracture nor other visible injury to the bone structure."

May 21st the same institution reported:

"Roentgenological Findings: Antero-posterior and lateral views of the right knee show no evidence of injury to the bones of the knee joint."

July 2d it reported:

"Anteroposterior and lateral views of the right knee show no evidence of fracture or dislocation of the bones of the knee joint."

July 6th Dr. A. C. Kingsley, after examining petitioner, reported, in part:

"There are no objective findings and, while this man suffered multiple contusions, none were of a serious nature, and I should feel that time has been sufficient for his recovery. There may be some difficulty con-

vincing him of this; however, I believe he can very soon return to work."

On August 3d, Dr. James R. Moore, Assistant Medical Advisor to the Industrial Commission, in his report to the commission, stated as follows:

"The findings in this case are entirely subjective and I believe from both a physical and mental standpoint, it would be distinctly to Mr. Sherwood's advantage to attempt a return to occupation at this time. There are no physical findings which would indicate that there is any permanent partial disability present."

August 17th, Doctor Ross wrote the commission that he was

"discharging Mr. Sherwood as having received sufficient treatment for the injury complained of in the original report.

"The Wasserman examination of 8–3–38 was positive and a Kolmer titration of 8–4–38 was thirty plus. Mr. Sherwood states that he had blood examinations in January of this year which were negative and that he is quite sure that he does not have this infection.

"The symptoms throughout have been subjective and Dr. Moore and I agreed that two weeks at the springs should have a great deal of effect on this man. He is now receiving anti-leutic treatment at the county office and was to bring me his blood report yesterday. The man still complains of his vague symptoms in the left arm and chest, and I was informed that yesterday he slipped and injured his right knee."

August 20th the commission allowed petitioner for temporary disability the sum of $247.82.

On August 24th petitioner filed his motion with the commission for a rehearing on the ground that his discharge by his attending physicians was obtained by undue pressure and coercion and against the best judgment of such physicians, and that the award was based upon fraud practiced by the commission on the petitioner, and in the motion for rehearing he asked that

Doctors Tuthill, Ross, E. Payne Palmer, Moore and Kingsley be subpoenaed as witnesses for cross-examination. The motion for rehearing was granted. At such rehearing he testified he had a numbness in his left arm and hand; that he had lost feeling or sensation in such members and was not able to grasp and hold things with his left hand; that he was suffering severe pains in his left arm, chest, back, shoulder and right knee, and that he had not improved much, if any, since he was injured. The wounds and abrasions on his person, caused by the injury, had entirely healed. His ailments were subjective, and of a character requiring expert testimony.

Doctors Ross, J. D. Hamer, R. F. Palmer, J. M. Greer and E. Payne Palmer were called by petitioner and testified at the rehearing. Their testimony is in harmony with their written report to the commission, a portion of which we quote:

"We have reviewed the history of the case and examined the patient carefully. Some of the teeth have been removed, the remaining ones apparently being in good condition. The gums are in good condition. Throat is clean. The chest is symmetrical; heart and lungs, normal. Blood pressure $^{140}/_{90}$. The upper extremities are symmetrical and the movements are normal. He complains of tenderness in the left chest both anteriorly and posteriorly at the 5th and 6th intercostal spaces. The abdomen is free from masses or tenderness. He walks with an apparent limp in the right knee. With the exception of this apparent limp, the movements of the lower extremities are normal. They are equal in size and the only abnormal condition found was the recent slight abrasion of the outer portion of the right knee below the patella. Reflexes are normal. There is a small scar on the inner side of the upper left arm. He complains of pain in the chest and slight numbness in the left upper extremity, as well as discomfort in the right knee. The movements of the knee when carried out by the examiner

were normal in every respect. There is no looseness and no abnormal movements or restrained movements.

"Conclusion: We have made a careful physical examination with the definite object of trying to find some condition to substantiate the symptoms complained of as related to the injury. There are no physical findings at this time to indicate that the injury of May 18, 1938 occurred. It is our opinion that he now has no disability which might have resulted from this injury."

Dr. Leslie B. Smith testified that the pain suffered by petitioner in his chest was due to his injury of May 18, 1938. He based his opinion upon the subjective symptoms as delineated to him by petitioner and upon what an electrocardiogram showed. Doctors Ross and E. Payne Palmer both testified that it was very improbable that petitioner suffered any contusion of the heart from the accident. The commission had, then, the expert opinion of some five medical men against that of one, and accepted the former, and after the rehearing affirmed the original award.

The evidence being in conflict, under the rule that we have so frequently announced, the award of the commission should be affirmed. *Hunter* v. *Wm. Peper Const. Co.*, 46 Ariz. 465, 52 Pac. (2d) 472; *Davis* v. *Industrial Com.*, 46 Ariz. 169, 49 Pac. (2d) 394; *Ryan* v. *Salt River Valley Water Users' Assn.*, 43 Ariz. 21, 28 Pac. (2d) 1006.

We need only to add that there is no evidence of any coercion or pressure exerted by the Industrial Commission upon the petitioner's attending physicians, nor is there anything in the record showing that any fraud was practiced upon the petitioner in the course of the investigation of his case, or at all.

The award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.