[Civil No. 4142.   Filed December 4, 1939.]

[96 Pac. (2d) 405.]

FRANCES LOWMAN, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and AMPHITHEATRE SCHOOL DISTRICT No. 10, Respondents.

Messrs. Armstrong, Kramer, Morrison, Roche & Duffy, for Petitioner.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Respondents.

ROSS, C. J.—On November 16, 1938, and for some time prior thereto, Frances Lowman was employed as a teacher in Amphitheatre School District No. 10, of Pima County. The board of trustees of such public school carried insurance for its teachers in the state compensation fund. On that day petitioner slipped, while crossing a polished floor in the schoolroom, and fell against a library table striking her chest and shoulder, and it is claimed as a result thereof she sus-

tained "a strained back and neck and severe nervous shock," which had the effect of lighting up and aggravating injuries suffered by her in an accident about a year before, or on November 8, 1937.

On January 27, 1939 the Industrial Commission passed on her application for compensation and made the following findings and award:

"4. That the above named applicant sustained an injury by accident arising out of and in the course of his (her) said employment on or about the 16th day of November, 1938.

"5. That the evidence is insufficient to establish that said injury caused any temporary or permanent disability.

"AWARD

"NOW, THEREFORE, IT IS ORDERED that the applicant take nothing from the defendants, or either of them, by reason of said claim.

"IT IS FURTHER ORDERED that any party aggrieved by this award may apply for rehearing of the same, by filing application therefor at the office of this Commission within twenty days after the service of this award, as provided by the rules and regulations of this Commission."

The applicant was dissatisfied with the disposition of her claim by the Industrial Commission and in due time applied for a rehearing, which was granted and held in Tucson on April 29, 1939. On May 17th the commission rendered its decision affirming the findings and award of January 27th.

The applicant has brought the matter to this court for review.

At the hearing the petitioner testified about her illnesses, all of which were subjective. The various reports of doctors who had examined and treated her were submitted. On request of the Industrial Commission, petitioner on December 17, 1938 underwent an examination by the following well-known physi-

cians: E. Payne Palmer, Louis J. Saxe, R. F. Palmer (the commission's medical advisor), John W. Pennington and A. C. Kingsley. The report of these physicians is as follows:

"Examination was held primarily to determine whether there is any disability or residual effects resulting from the injury reported to have been sustained on November 16, 1938. The accident is reported to have been a slip on a polished floor of some five or six feet, colliding with a table, striking the right chest and wrenching the back in the posterior axillary line when falling.

"Present Complaint: The symptoms complained of are pain in the chest and back and of digestive disturbance, particularly a diarrhea the past few days. Also, of frequency of urination and a bearing down sensation over the bladder and in the groin. She states that she is unable to carry on her work.

"Physical Examination: The breath sounds are clear in both lungs. Movements of the chest during respiration are normal, equal and regular. The heart sounds are normal. No irregularity is found on palpating the ribs at or around the site of the alleged injury. The tonsils have been removed and the throat is clean. On abdominal examination, tenderness was complained of both on palpation and when the walls were picked up between thumb and index finger. There is a postoperative scar in the lower abdomen. Vaginal examination shows the lower portion of the vagina to be normal and the absence of the uterus. Neither kidney was palpable and no tenderness was complained of when attempt was made to palpate the kidneys. A specimen of urine was removed from the bladder. She complains of tenderness on palpation in the posterior axillary region of the back. There is an irregular distribution of rash over the lateral portion of the back which is a hyperemia without any papula or vesicles, such as are characteristic of dermatitis, and is not of traumatic origin, either due to a local irritation or to some systemic disturbance. Neurological examination was made by Drs. Kingsley and Saxe. There are no objective neurological findings.

"Conclusion: As a result of our examination, we are unable to find any indications of a recent injury, nor of any objective signs resultant from such an injury. The subjective complaint of pain in the right lower chest region is not substantiated by physical findings. We do not find her many associated subjective complaints essentially different that when last examined about a year ago."

The reports of the following well-known physicians of Tucson, who had examined and treated the petitioner, indicated they were unable to say, or did not say, at the time they made the reports whether petitioner's illnesses were due to the accident of November 16th or not: Donald F. Hill, who examined petitioner January 16, 1939; Franklin H. Maury, who examined her March 3, 1939, and Charles S. Kibler, who examined her April 20, 1939. The reports of these physicians on the question as to whether the accident of November 16th activated the one of November 8, 1937, were negative in their nature.

R. E. Hastings and W. G. Shultz, well-known and reputable physicians of Tucson, who were the petitioner's physicians in that city and perhaps saw her oftener and treated her more than these other doctors, in communications to the petitioner's attorneys and which were accepted by the commission as evidence, expressed the opinion that the injury of November 16, 1938, aggravated the earlier one. Doctor Shultz, in a letter dated March 10, 1939, says:

" . . . I am very certain that her present disability is largely the result of her first accident to which has been added the second one, which I think was the proverbial straw."

Doctor Hastings, in a letter dated May 5, 1939, says:

" . . . Whether or not these present symptoms can be traced to her injury separately, I very much doubt. I feel that the first injury precipitated this affair, but

that she was better until the second injury which led to a re-exacerbation. . . . ''

■ As before stated, the petitioner's illnesses are all subjective. None of them is visible to the eye; they are of the kind that only experts in the medical profession are qualified to diagnose and explain. If the doctors had agreed as to the origin and extent of such illnesses, it would have been easy for the Industrial Commission to decide whether or not they or any of them were compensable. But where the doctors disagree as to their origin and extent, the commission, however difficult it is to decide the question, must weigh the evidence *pro* and *con* and make its decision therefrom, and when the commission has done so we have uniformly adopted its conclusion as final and binding. *Hunter* v. *Wm. Peper Const. Co.*, 46 Ariz. 465, 52 Pac. (2d) 472; *Davis* v. *Industrial Com.*, 46 Ariz. 169, 49 Pac. (2d) 394; *Ryan* v. *Salt River Valley Water Users' Assn. et al.*, 43 Ariz. 21, 28 Pac. (2d) 1006.

■ All of the physicians were of the opinion that petitioner was suffering from neurosis prior to and after the accident of November 16, 1938, but they did not agree that such accident aggravated her condition. We think the facts presented such a case as to make the commission's findings and decision binding upon the court.

■■ However, petitioner insists she is entitled to the costs of medical care, nursing and medicine occasioned by the accident of November 16th, and we think she is right. If she sustained an injury by accident arising out of and in the course of her employment as found by the commission, although not compensable because the injury caused no temporary or permanent disability, still she should have free medical attendance and medicine if such were necessary. One may

receive an injury that in no way incapacitates his earning ability but does require medical attendance and care. For instance, an infected finger or arm might not prevent a teacher from doing her work but still need medical care. In this case there was no finding either that it was or was not necessary for the petitioner to have medical care on account of the accident of November 16th. The record shows she incurred expense for medicine and medical care and nursing subsequent to such accident. Whether she is entitled to them or not depends upon whether they were necessarily incurred as a result of such accident. We think this is a question that should be decided by the commission.

The Workmen's Compensation Law provides for accident benefits and we think they may be recovered even though, as stated above, the injury may not be compensable. The pertinent provision of our statute, Section 1428, Revised Code of 1928, reads:

"Accident benefits. Every injured employee within the provisions of this article shall receive promptly such medical, surgical and hospital or other treatment, nursing, medicines, surgical supplies, crutches and apparatus, including artificial members, as may be reasonably required at the time of the injury and within ninety days thereafter, which time may be extended to one year by the commission; such benefits to be termed 'accident benefits.' . . . "

This section was amended by section 1, chapter 28, Laws of 1939, but petitioner's rights are governed by section 1428 before the amendment.

The award is set aside.

LOCKWOOD and McALISTER, JJ., concur.