[Civil No. 4325. Filed January 20, 1941.]

[109 Pac. (2d) 617.]

FRANCES LOWMAN, Petitioner, v. AMPHITHE-
ATRE SCHOOL DISTRICT NUMBER 10, and
THE INDUSTRIAL COMMISSION OF ARI-
ZONA, Respondents.

Messrs. Houston & Dodd, for Petitioner.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for
Respondents.

ROSS, J.—This is the second time this case has come
to this court for review. *Lowman* v. *Industrial Com.,*
54 Ariz. 413, 96 Pac. (2d) 405, 407. In our former
opinion we approved the Industrial Commission's deci-
sion disallowing petitioner any compensation but set
aside the award because it failed to pass on her claim
for expenses incident to her injuries. We said:
" . . . The record shows she [petitioner] incurred
expense for medicine and medical care and nursing
subsequent to such accident. Whether she is entitled
to them or not depends upon whether they were neces-
sarily incurred as a result of such accident. We think
this is a question that should be decided by the com-
mission.''

Upon the remand, the Industrial Commission took evidence as to such expenses and its award is in these words and figures:

"3. That it was necessary that the applicant have certain medical care on account of said injury during the period from November 16, 1938 to and including December 17, 1938.

"4. That the medical care necessarily incurred by the applicant as a result of said injury by accident is as follows:

| "Dr. R. E. Hastings | $41.00 |
| Dr. Donald S. Hill | 33.00 |
| Dr. W. G. Shultz | 3.00 |
| Total | $77.00. . . . " |

The petitioner (applicant) has appealed from this award, insisting it is not enough under the evidence. The evidence on behalf of petitioner shows that she was attended by physicians for some time after the accident of November 16, 1938, and that the charges of these physicians amounted to several hundred dollars. She argues that the commission's finding, that only the sum of $77 for medical care was necessarily incurred, was not a finding that the excess above that sum was not also necessarily incurred. On the contrary, we think while the commission's finding does not dispute the petitioner incurred a large debt for medical care after her injury, it does positively refute the claim that it was required by her injury. The very question that the commission had before it was not how much indebtedness she had incurred for medical care since her last injury but how much she *necessarily* incurred.

It is common knowledge, better known by the medical profession than by the laity, that many persons think they need medical attention when in fact they do not. Petitioner's case was further complicated by this other consideration: as to whether the

medical attention she received after her injury was not the result of a pre-existing chronic neurotic condition.

At all events, the evidence was in conflict as to whether petitioner needed any medical care or attention because of the injuries she sustained on November 16th, and in view thereof, we do not feel that we would be justified in disturbing the commission's finding but that we should follow our uniform rule and affirm the award.

It is so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.