THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. TAPPIN, Relator, v. JAMES C. CROPSEY, as Police Commissioner of the City of New York, Respondent.

Second Department, May 18, 1917.

Municipal corporations — city of New York — certiorari — review of determination of police commissioner dismissing relator from police department — effect of prior determination and statements by police commissioner.

Where, on certiorari to review the proceedings of the police commissioner of the city of New York in dismissing the relator from the police department, it appears that said commissioner, prior to the hearing, possessed information establishing the falsity of the relator's answers which was not accessible to the latter, and had also told him that if he made "any untruthful statement" in answer to inquiries as to whether he had given certain orders to his men he would "break" him, the determination should be annulled and the proceeding remitted for a new trial.

PUTNAM, J., and JENKS, P. J., dissented, with opinion.

CERTIORARI issued out of the Supreme Court and attested on the 26th day of April, 1911, directed to James C. Cropsey, as police commissioner of the city of New York, commanding him to certify and return to the office of the clerk of the county of Kings all and singular his proceedings had in dismissing the relator from the police department of the city of New York.

*Harry Crone* [*Francis Gilbert* with him on the brief], for the relator.

*Edward A. Freshman* [*Lamar Hardy, Corporation Counsel,* and *Thomas F. Magner* with him on the brief], for the respondent.

PER CURIAM:

Before the charges were made, the police commissioner said to the relator, while inquiring as to whether he had given certain orders to his men, " any untruthful statement you make to me will break you. * * * I will just say to you once more that I have information absolutely reliable to the contrary, and you can sit there and deny it if you want to, in the face of it; you will suffer the penalty. * * * I know what I am talking to you about, what you said to the men about complaints, because I have got that down in black and white, by the examination of the men themselves, and I guess I believe what they said rather than what you said." The hearing upon charges for making untruthful answers to the commissioner was subsequently had before him in his judicial capacity, and without imputing any improper motive or unfairness to the commissioner, because under the charter (Laws of 1901, chap. 466, § 300, as amd. by Laws of 1904, chap. 341; Id. § 302)* the duty of passing upon the question as to whether an officer against whom charges have been preferred is upon him, nevertheless, in view of the said information which the commissioner possessed and which was not accessible to the relator, and his pre-existing determination as expressed by the commissioner in case relator denied, we feel that relator has not had that hearing which the law contemplates.

---

* See Laws of 1915, chap. 310, since amdg. § 302.— [REP.

Second Department, May, 1917.        [Vol. 178.

Under the circumstances, the determination is annulled, writ sustained, and the proceeding remitted to the commissioner for a new trial, costs to abide the event.

THOMAS, MILLS and RICH, JJ., concurred; PUTNAM, J., read for confirmation, with whom JENKS, P. J., concurred.

PUTNAM, J. (dissenting):

In cautioning relator that any untruthful answers would " break " him, the commissioner made known to the accused in plain speech the materiality of the questions he was asking, and the penalty for evasions or false denials. More formal warnings in court language might be less clear to one unfamiliar with legal terms. The commissioner at times may himself learn of complaints against a member of the force. The things here charged were public, having been spoken before the police platoon. It was fair to tell the accused that the commissioner knew this, so that the relator should consider better how to weigh his answers. Hence by this preliminary hearing, I think the commissioner did not become disqualified.

JENKS, P. J., concurred.

Determination annulled, writ sustained, and proceeding remitted to the commissioner for a new trial, costs to abide the event.