The State, ex rel. Schmidt, *v.* Colson, Auditor.

*Office and officer — Repeal of ordinance establishing department — Appointive positions abolished.*

The repeal of an ordinance, passed pursuant to the provisions of Section 4404, General Code, establishing a board of health, abolishes all appointive positions under such board.

(Decided September.2, 1917.)

Error:    Court of Appeals for Ashtabula county.

*Mr. H. G. Kingdom,* for plaintiff in error.

*Mr. J. E. Helman,* for defendant in error.

Metcalfe, J.    This is an action in mandamus to compel the defendant in error, W. B. Colson, as auditor of the city of Conneaut, to issue to the plaintiff in error, Karl Schmidt, a warrant for five months' pay as clerk of the board of health of said city. A demurrer to the petition was sustained by the court of common pleas.

. The council of the city of Conneaut, under the provisions of Section 4404, General Code, passed an ordinance creating a board of health, and relator was thereupon appointed clerk of such board. Some time afterwards, however, the council repealed the ordinance, and relator claims that in spite of such repeal he is entitled to recover the amount of his salary from the time of the repeal of the ordinance until the end of his appointive term.

Section 4404, General Code, provides:

"The council of each municipality shall establish a board of health, composed of five members to be

appointed by the mayor and confirmed by council who shall serve without compensation. and a majority of whom shall be a quorum. * * *"

Section 4405 provides that if the municipality fails or refuses to establish a board of health or appoint a health officer, the state board of health may appoint a health officer and fix his salary and term of office, and grants to such officer the same powers and imposes upon him the same duties as health officers appointed in villages in place of a board of health.

It is urged that Section 4404, General Code, is mandatory, and that its requirement that the council shall establish a board of health has the force of a constitutional provision, so that when the council has acted in pursuance of the provisions of the law and established a board of health it cannot abolish the board, or deprive the employes thereof of the emoluments of their respective offices, without further action on the part of the legislature; in other words, that an ordinance of the council of a municipality, once passed, in pursuance of a grant of power by the legislature, becomes of as much force and effect as a provision of the constitution itself and must remain the law of that particular municipality until the legislature grants the power of repeal.

We cannot assent to this proposition.

Of course it goes without saying that the council of a municipality can only exercise the powers delegated to it by the general assembly. But is a specific grant of power required to authorize the council to amend or repeal an ordinance which it had the power to pass? The efficacy of any

legislative body would be entirely destroyed if the power to amend or repeal its legislative acts were taken away from it. The grant of the power to pass the ordinance in question, or any ordinance for that matter, carries with it the power to amend or repeal the same act.

The constitution itself provides the method by which it may be changed.

The legislature may repeal or modify an act which it has passed, and it seems to us to be utterly illogical to say that a municipality cannot repeal an act of its legislative body, whether the power to repeal is expressly granted or not. And we think that the repeal of the ordinance creating the board of health also abolished all appointive positions under such board. *State, ex rel.,* v. *Covington,* 29 Ohio St., 102; *State, ex rel.,* v. *Jennings,* 57 Ohio St., 415; *McHugh* v. *Cincinnati,* 1 Cin. S. C. R., 145, and *State* v. *Brown,* 38 Ohio St., 344.

The judgment of the court of common pleas sustaining the demurrer to the petition is affirmed.

*Judgment affirmed.*

POLLOCK and FARR, JJ., concur.