THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED W. PACKWOOD, Appellant, v. JOHN J. RILEY, as Commissioner of Public Safety of the City of Amsterdam, Respondent.

Civil service — police — chief of police appointed under Civil Service Law may be removed only for cause after hearing — trial must be fair in all respects — evidence — improper exclusion of testimony.

1. A chief of police of the city of Amsterdam appointed under the Civil Service Law can be removed from such position only if substantial reasons exist, upon which he is entitled to an opportunity to be heard. The hearing to be accorded him is not a mere form to precede a predetermined removal, but must be fair in all respects, based upon an impartial review of evidence to the exclusion of knowledge possessed by the trier of fact and free from prejudicial errors of law.

2. The refusal of the trial commissioner, who was an appointee of the complainant and who actively engaged in his pre-election campaign, in which attacks were made on relator and promises to remove him from office, to permit relator to state on the trial what reply, if any, the said commissioner made to relator during a conversation between them as to "what they intended to do with him," admits the inference that defendant acted in concert with complainant, made possible the presentation and hearing of stale charges and predetermined the result which would follow a hearing before him on such charges.

3. Questions asked the complainant as to testimony given by him on a prior hearing of complaints against the relator were competent and material as bearing upon the credibility of the witness, were proper subject for cross-examination and the refusal of the respondent to permit them to be answered was prejudicial to relator.

4. Relator having testified to facts explaining that an alleged violation of duties had been by order of his superiors, testimony of a former commissioner of public safety as to his knowledge of such orders was improperly excluded. Relator was entitled to have his evidence corroborated and such error was prejudicial.

*People ex rel. Packwood* v. *Riley,* 194 App. Div. 935, reversed.

(Argued November 23, 1921; decided January 10, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 24, 1920, which affirmed, on certiorari, the proceedings of the defendant in removing the relator from the office of chief of police of the city of Amsterdam.

*Merwin H. Nellis* for appellant.

*Ambrose P. Fitz-James* for respondent. The relator was entitled to a fair and impartial trial, which he received, and the commissioner of public safety was the legally constituted tribunal to hear and determine the charges preferred against him. (*People ex rel. Shannon* v. *Magee,* 55 App. Div. 196; *People ex rel. Miller* v. *Elmendorf,* 57 App. Div. 341; *People ex rel. Jones* v. *Sherman,* 66 App. Div. 237.)

HOGAN, J. Fred W. Packwood, the relator, was appointed a police officer in 1901. In January, 1909, he was appointed chief of police and held that office continually until January 13th, 1920, when he was removed upon charges presented by Theron Akin.

Theron Akin, the complainant, was a candidate for the office of mayor of the city of Amsterdam in the year 1919 and was elected for a term to commence January 1st, 1920. Having assumed office, Mayor Akin appointed the respondent John J. Riley, commissioner of public safety.

Prior to January 7th, 1920, the rules of the police department provided that no charge preferred against any member of the department will be entertained by the commissioner of public safety unless the same be presented in writing duly signed within thirty days from the time of the commission of the alleged offense unless corrupt or criminal.

On January 7th, 1920, the rule was amended by the commissioner respondent so as to read: " No charges preferred against any member of the department will be entertained by the Commissioner of Public Safety unless the same be presented in writing and duly signed by the complainant."

January 13th, 1920, Mayor Akin preferred charges against relator, voluminous in detail, embraced in fourteen several specifications. The alleged offenses charged against relator specified alleged misconduct as having been committed during the years intervening between December 31st, 1913, and January 7th, 1920. The relator was thereupon suspended and later a hearing on the charges had, at the conclusion of which relator was removed from the office or position of chief of police by the respondent. Upon a review by certiorari the Appellate Division by a non-unanimous decision affirmed the order of the commissioner.

It is urged by relator that he did not have a fair trial before an impartial tribunal; that respondent had before the charges were preferred openly avowed the purpose of having the charges presented to him and after a hearing an intention to dismiss relator from the police force. Before relator answered the charges his counsel objected to respondent hearing the same for the reasons stated above and upon the ground of bias. The objection was overruled and an exception noted. Relator thereafter answered the charges in detail and specified facts upon which the claim of bias was claimed.

Involved in the proceeding is the right of relator to

an office or position to which he was originally appointed under the Civil Service Law nearly nineteen years prior to the institution of the proceeding to remove him therefrom. Before he can be removed from such position substantial reasons must exist upon which he is entitled to an opportunity to be heard. The hearing to be accorded him is not " a mere form to precede a predetermined removal " (*People ex rel. Mitchell* v. *La Grange*, 2 App. Div. 444; affd., on opinion below, 151 N. Y. 664; cited with approval, *Matter of Griffin* v. *Thompson*, 202 N. Y. 104, 110; *People ex rel. Tappin* v. *Cropsey*, 178 App. Div. 180, 181; affd., 224 N. Y. 564), but must be fair in all respects, based upon an impartial review of evidence to the exclusion of knowledge possessed by the trier of fact and free from prejudicial errors of law.

Was the relator afforded such a hearing? Certain facts and circumstances appearing in the record as well as in the answer should be referred to.

On or about December, 1917, one David Akin, a son of complainant, Mayor Akin, was arrested in the city of Amsterdam and arraigned upon a charge in the handwriting of the assistant district attorney of having in his possession a loaded revolver without a license. A plea of guilty was entered and a fine of fifty dollars imposed which was paid by the complainant here.

In 1916–1917 the complainant went west and evidently remained for some period of time. After his return to Amsterdam, the relator alleged in his answer to the charges, complainant when about to be incarcerated in jail for failure to pay a sum of money directed by the court to be paid called on relator. The latter testified that Mr. Akin asked him for five hundred dollars, saying he was having some trouble; that he, relator, told him he could not give it to him but he might be able to get it from his friend Riley who owned two or three houses and could easily accommodate him; that Mr. Akin then

started out saying as he left, "You get me five hundred dollars."

Mr. Akin while admitting he had been confined in jail for a week or ten days denied that he had the conversation testified to by relator.

Relator contends that Mr. Akin thenceforward continued his attacks upon him. The record discloses that during the year 1919, and particularly during the campaign, Mr. Akin made attacks on relator through the columns of the press and by distribution of pamphlets which contained utterances in part as follows: "They know I want Packwood's scalp;" "I promise faithfully to remove from the public service such men as Chief of Police Packwood, if I am elected Packwood must go;" "Come to Amsterdam Theatre the night before election. I will publicly agree to give one thousand dollars to any charitable institution you suggest if I fail to remove Chief of Police Packwood from office unless he resigns."

The evidence discloses that the respondent John J. Riley distributed some of the pamphlets. The fact was not contradicted.

In October, 1918, Mr. Akin and respondent went to Fonda and made complaint to the sheriff that gambling was carried on in the city of Amsterdam. The sheriff and deputies returned with the complainant and respondent and the sheriff raided a house in which gambling was in progress and arrested the proprietor. No complaint was made to relator, neither is any explanation given why a warrant was not applied for by them to the recorder of the city or complaint made to the district attorney or information placed before a grand jury.

Respondent having been appointed commissioner of public safety on January 1, 1920, by complainant was confronted with the rule of the department which inhibited the hearing of charges other than for corrupt or criminal misconduct, unless such alleged misconduct occurred within thirty days prior to the filing of the charges,

amended the rule so as to omit the limitation of thirty days provided for in the rules as they were on January 6th and thereby made possible the pre-election promises of complainant.

Upon the hearing relator testified that he had a conversation with respondent as to what they intended to do with him and was asked, " What did he say to you? " Counsel for complainant objected to the question. The objection was sustained.

Upon the narrated facts, counsel for relator asserts that the logical conclusion deducible therefrom is that respondent acted in concert with complainant, made possible the presentation and hearing of stale charges and predetermined the result which would follow a hearing before him on such charges. Respondent being an appointee of complainant actively engaged in a distribution of some at least of the pamphlets mentioned and declining to permit relator to state what reply if any he made to the inquiry made of him would admit of inferences akin to those suggested by counsel for relator.

We pass to a consideration of certain rulings made by respondent upon the hearing.

Upon cross-examination of the complainant, he testified that on September 26, 1918 (which was a few weeks prior to the visit of complainant and respondent to the offices of the sheriff at Fonda) he attended an investigation had before Mayor Conover concerning complaints against the chief of police and was sworn as a witness.

The following questions were then asked of complainant: " Q. Did you at that time swear that you did not reside anywhere? Q. Were you, asked on that examination whether you knew of any corrupt conduct on the part of Chief Packwood in the performance of his duty and did you reply ' no? ' Q. Did you say on that occasion that you knew of your own knowledge of no gambling places in the city of Amsterdam? Q. Did you say you knew nothing of any places where gambling was carried

on, or of houses of ill-fame? '' To each of said questions objection was made by counsel for complainant and each objection sustained and exceptions noted to the rulings. The questions asked of the witness were comptent and material as bearing upon the credibility of the witness and proper subject for cross-examination. The refusal of respondent to permit them to be answered was prejudicial to relator.

The first specification in the charges was in substance a failure on the part of relator to attend the meetings of the common council in the years 1914–1920, inclusive, with the exception of the annual meetings, in violation of the rules of the police department.

A former commissioner of public safety who held office 1914–1917, inclusive, was called as a witness by complainant, and testified that during his term he attended all but three or four meetings of the common council which were held in the same building, the city hall, where police headquarters are located; that relator did not attend meetings of the common council, '' but when we needed him he was told to appear; '' that when that body held meetings the chief of police was always handy at police headquarters and whenever he was requested to attend the meetings he was present. The witness was inquired of by counsel for relator: '' Q. Didn't you understand that he was required to attend in police headquarters except when the common council, the commissioner of public safety or the mayor desired his attendance at the common council? '' The question was objected to by counsel for complainant, and while counsel for relator was attempting to answer the argument of counsel for complainant and before he had finished one sentence the respondent interrupted him by announcing objection sustained, to which exception was made.

The witness having been the superior officer of relator for four years, was qualified to testify as to whether he

19

as commissioner of public safety observing relator absent from meetings of the common council had knowledge that by reason of his order or that of the mayor or common council the relator was to remain at his office in police headquarters unless his attendance was requested at the meetings of the common council.   Relator having testified to such a fact was entitled to have his evidence corroborated and if, as matter of fact, he could establish such orders, little if any consideration should have been attached to the first charge; nevertheless respondent found relator guilty of that charge while denying to him opportunity to establish a material fact in explanation or palliation of the alleged violation of duty by him urged in said charge.   Such error was prejudicial.

We do not deem it necessary to examine further specifications and the evidence applicable to the same which would only result in extending this opinion at too great length.   Having demonstrated that prejudicial error was committed by respondent upon the hearing, the order of the Appellate Division and the order made by respondent must be reversed, and new hearing granted, with costs to the relator in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.