CLARK, Respondent, vs. BLOCHOWIAK and others (BOARD OF VOCATIONAL AND ADULT EDUCATION OF THE CITY OF MILWAUKEE), Appellants.

*September 17—October 13, 1942.*

238

For the appellants there was a brief by *Walter J. Mattison,* city attorney, and *Omar T. McMahon,* assistant city attorney, and oral argument by *Mr. McMahon.*

*H. A. Kovenock* of Milwaukee, for the respondent.

FOWLER, J.   From the foregoing statement of facts it appears that the defendants constitute the board of vocational and adult education of the city of Milwaukee; that the plaintiff was the supervisor of a dental clinic maintained by the board and was discharged from that position by action of the board upon hearing of charges preferred against him under the teachers' tenure law; and that the order not only discharged the relator but abolished the dental clinic of which he was the supervisor.   The plaintiff was not a teacher, although under the setup of the school maintained by the board he had the tenure status of one, but a dentist engaged in the clinic in the

practice of dentistry upon the students of the school. The portion of the order abolishing the clinic necessarily abolished his position as supervisor of it. Mr. Potter, superintendent of the city schools, and a member of the defendant board, stated at a session of the board early in the instant proceedings that the school did not need a clinic and never had needed one. It is plain that the board might abolish the clinic, and it is equally plain that in abolishing the clinic it necessarily abolished the plaintiff's position as supervisor of it. *State ex rel. Karnes v. Board of Regents,* 222 Wis. 542, 269 N. W. 284. As the board abolished the clinic, and by that the plaintiff lost his position as supervisor of it, the order of discharge did not affect him except for the interim between the time of his suspension and the date of the order appealed from.

However, we do not rest our decision wholly on the portion of the order abolishing the clinic. The board was without jurisdiction to exclude a member from participation in proceedings before it because of a charge of bias against him, and was without jurisdiction to entertain such a charge. The board has only such powers as the statutes give it, and no statute gives such power. The board having no power to entertain such charge, evidence to establish it could not properly be presented to or received by it. The board could take no action on the charge made by the affidavit and took no action thereon. And the action being *certiorari* the court could only review the action taken by the board, and in so doing could only consider the evidence bearing upon the charges made against the plaintiff. That was the only matter before the board, and the only matter the court could properly consider was whether on the evidence properly received by the board the charges against the plaintiff were sustained. The court in a written opinion stated that the evidence sustained that charge. With that statement we agree and see no need to discuss that point further or state the evidence that sustains it. The court also stated that the record disclosed

no conduct on the part of the two members against whom prejudice was charged during the board's proceedings that showed bias or prejudice of either of them. With that we also agree. It is plain that the court based its finding of bias and prejudice solely upon the affidavits charging it. We have already indicated that the court could not properly consider these affidavits but will discuss the point further.

We said in effect in *Wisconsin Telephone Co. v. Public Service Comm.* 232 Wis. 274, 287 N. W. 122, 287 N. W. 593, that in a proceeding to review an order of the commission that the court could not permit extrinsic evidence to show misconduct of the board or members in conducting its proceedings, but could only consider whether misconduct appeared from the record of the commission's proceedings in the case instantly before it. See opinion, pp. 311, 312, 321, 329. That rule, in reason, applies to the instant board. Under that rule the affidavits by which the plaintiff sought to establish prejudice of board members Falk and Blochowiak could not be considered by the court. Nothing appears from the record of the board's proceedings that indicates anything in any possible way tending to affect these members in determining the charges against the plaintiff, except that they had participated in the previous action of the board in discharging the plaintiff for conduct similar to that charged in the instant proceeding. If it is to be inferred that this fact influenced the two members charged with prejudice, that it influenced the other two members who voted for the instant discharge must also be inferred. If this fact created bias of the two charged with prejudice it also created bias of the other two. This would disqualify the whole board, and under the rule of *State ex rel. Wickham v. Nygaard,* 159 Wis. 396, 150 N. W. 513, wherein a quorum of this court were indirectly pecuniarily affected by the determination of the question involved, which was the constitutionality of the statute

imposing an income tax on the salary of a circuit judge during his current term. It was there held that indirect interest of members of a tribunal does not bar the tribunal from deciding the matter before it if there is no other tribunal before whom the matter may be taken. This principle is as applicable to bias of members of a tribunal as to interest. The principle applies to the instant case for there is no other tribunal provided than the instant board that can determine the instant charges against the plaintiff as basis for his discharge.

Counsel for plaintiff seem to think that anything that would disqualify a juror from participating in the trial of a jury case would disqualify a member of an administrative board from participating in a proceeding before such board. Perhaps one who had participated in a previous trial in which the defendant had been convicted of misconduct like that charged against him in the case about to be tried by a jury, would be disqualified to serve on the latter jury. But if so, so would such information of facts involved as members of labor boards, industrial commissions, and public service commissions receive prior to making their decisions from statements of interested parties and others in cases before them disqualify a juror. So fine a line as is drawn in disqualifying jurors cannot be drawn to disqualify members of administrative boards, else the whole structure of administration by administrative boards would be broken down. Such matters as approach and suggestion as were made to the industrial commission in *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 271 N. W. 385, would disqualify a juror, but they did not disqualify the commission; and such facts as existed in the case of *State ex rel. Madison Airport Co. v. Wrabetz,* 231 Wis. 147, 285 N. W. 504, would disqualify a juror, but they did not disqualify the commission or its members from deciding the case on retrial. In almost every case heard by an administrative board that is sent back by a court for retrial

by the board, the board necessarily acquired on the first hearing such knowledge as would disqualify a juror, but that does not disqualify the board from retrying the case.

Counsel for respondent cites and quotes from a multitude of cases to the general effect of keeping the fountains of justice pure and of providing tribunals that will give a litigant a fair trial according to the principles of the common law. With the theory of all the pronouncements quoted we heartily agree. But we are confronted with a condition not a theory. The condition is the existence of administrative tribunals, and theory must yield to considerations necessary to the functioning of these tribunals. If the theory of counsel were to prevail, these tribunals would have to go out of existence. And obviously they are here to stay.

Counsel for plaintiff has cited several cases which he contends rule the instant case in plaintiff's favor. All but one are from other jurisdictions. *State ex rel. Getchel v. Bradish,* 95 Wis. 205, 207, 70 N. W. 172, was decided by this court. That was a *certiorari* case reviewing the action of a town board in revoking a liquor license for sale of liquor to a minor. The printed case on file discloses that the minor was called to prove the sale, which was a fact for determination by the board, and that it appeared on his cross-examination that the chairman of the board who participated in the hearing and voted for revocation had requested the minor to purchase the liquor and given him the money with which to purchase it. This fact was held to void the revocation, but the fact appeared from intrinsic as distinguished from extrinsic evidence. The opinion also states that such conduct as the chairman was guilty of would disqualify a juror or a judge from participation in the trial of a case involving the sale. This is far from an intimation that participation in the plaintiff's previous trial disqualified the members of the instant board. It is also stated in the opinion that while it is "true in practice to a certain extent" that "the town board must, of necessity, act, regardless of any interest or prejudice on the part of those composing

the board, . . . yet it does not justify members of such board in voluntarily corrupting or prejudicing themselves by advancing money and procuring and abetting the commission of the offense in order that they may pronounce judgment upon the offender who committed the same." We are here not confronted with any like or any other misconduct by members of the instant board.

Some of the cases from other jurisdictions cited—*Sandahl v. City of Des Moines,* 227 Iowa, 1310, 290 N. W. 697; *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317; *People ex rel. Tappin v. Cropsey,* 178 App. Div. 180, 165 N. Y. Supp. 143; *Frome United Brewers Co. v. Keepers of the Peace, etc.,* 1926 A. C. 586—cannot be so readily distinguished. But being from other jurisdictions they are not controlling. For the reasons above stated we do not follow them.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment affirming the action of the defendant board. Taxation of costs against the plaintiff will be limited under Rule 10 of this court to fifty pages of brief.