DELLA G. FLAHERTY *vs.* CITY OF WOBURN
(and a companion case between the same parties).

Middlesex.    December 8, 1948. — February 10, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Officers and agents.  *Woburn.*

On and after January 1, 1947, the power of appointing an investigator in the soldiers' relief department of the city of Woburn was vested in the mayor under St. 1946, c. 584.

Under ordinances of the city of Woburn of 1934 and 1937, the clerk of committees was the head of the soldiers' relief department of the city with power to appoint an investigator, and an investigator appointed by him was entitled to recover from the city for services rendered between March 1, 1945, and October 3, 1946; but the investigator was not entitled to recover for services rendered between October 3, 1946, and March 1, 1948, because his service was ended when an ordinance was enacted on October 3, 1946, abolishing that department and creating a new department in charge of an agent to be elected by the city council without provision for continuity of service of those employed in the former department, and he was not thereafter reappointed by the new agent or by the mayor, to whom the power of appointment on and after January 1, 1947, was transferred by St. 1946, c. 584.

TWO ACTIONS OF CONTRACT. Writ in the first action in the Fourth District Court of Eastern Middlesex dated February 10, 1947. Writ in the second action in the Superior Court dated March 2, 1948.

Upon removal of the first action to the Superior Court, the actions were heard together without a jury by *Dowd*, J.

*J. Gorrasi*, City Solicitor, for the defendant, submitted a brief.

*M. E. Gallagher, Jr.*, for the plaintiff.

RONAN, J.   These are two actions of contract to recover for services as an investigator in the soldiers' relief department of Woburn, the first for the period from March 1, 1945, to February 10, 1947, and the second from this last mentioned date to March 1, 1948.   The judge found for the plaintiff for the full amount claimed in each action, subject to the defendant's exceptions to the denial of requests for rulings that the plaintiff was not entitled to recover and to the denial of various other requests for rulings to the effect that there was no soldiers' relief department prior to the adoption on October 3, 1946, of an ordinance establishing that department; that if such a department did exist before the passage of this ordinance, then the clerk of committees had no authority to appoint the plaintiff as an investigator; that subsequent to January 1, 1947, by virtue of St. 1946, c. 584, the mayor alone could make such an appointment.

The defendant city was authorized to raise money for the payment of State and military aid which was to be expended for this purpose under the direction of the aldermen, and soldiers' relief was to be furnished by the aldermen subject to the direction of the city council as to the amount to be paid.   G. L. (Ter. Ed.) c. 115, § 3;  § 17, as appearing in St. 1945, c. 633, § 4.   The city council, in order to secure an efficient and proper administration of the distribution of State and military aid and soldiers' relief, could create a department in charge of a designated officer to determine the eligibility of numerous applicants for aid or relief, to safeguard the disbursements of city funds, and in general to see to it that this important municipal function was performed in accordance with requirements of c. 115.   The furnishing of aid by the aldermen personally could hardly be considered as a satisfactory method where the field of benefits had become extended and the number of beneficiaries had been increased, especially where the municipal authorities were charged with making "such investigations of the necessities and qualifications of the person aided as to prevent any payment thereof contrary to any provision of this chapter."   G. L. (Ter. Ed.) c. 115, § 16.   This fact

was recognized by the Legislature which has conferred power upon cities and towns to appoint a soldiers' relief commissioner to take charge of the soldiers' relief·department. *Commonwealth* v. *Dowe*, 315 Mass. 217, 221–222.

The city ordinances of 1934 provided that the clerk of committees "shall take charge of the disbursement of State and military aid and soldiers' relief, and, subject to the approval of the commissioner of State aid, from time to time examine into the necessities of the applicants and report the facts of each case to said commissioner and perform such other duties relating to the same as may be required by law and the said commissioner of State aid."

The city council adopted an ordinance in 1937 providing that "The soldiers' relief department shall appoint an investigator in the department of soldiers' relief who shall perform such duties in the office as the officials shall prescribe." The salary was fixed at $1,300. The office of investigator was made subject to the civil service statutes and rules, and the incumbent was removable only by the officials in charge of the soldiers' relief department. William H. Flaherty was the clerk of committees on February 26, 1945, and by virtue of the 1934 ordinance was in charge of the disbursement of State and military aid and soldiers' relief. On the date just mentioned Flaherty sent a requisition to the civil service department for the appointment of an investigator in the soldiers' relief department and, there being no eligible list for the position, a provisional appointment of the plaintiff was authorized for a period of six months and subsequent successive provisional appointments were authorized until September, 1947, when such an appointment for three months was authorized. The plaintiff performed the services of an investigator from March 1, 1945, to March 1, 1948. The first and all subsequent requisitions for these provisional appointments up to February 25, 1947, were signed by "William H. Flaherty, disbursing agent for the soldiers' relief department," by a majority of the standing committee on State and military aid of the city council and by a majority of the board of aldermen. On and after February 25, 1947, they were

signed by William H. Flaherty as veterans' agent by virtue of the ordinance of 1946, by a majority of the committee just mentioned and by a majority of the board of aldermen.

The city council on October 3, 1946, enacted an ordinance apparently in an attempt to obtain for William H. Flaherty a long tenure of office as disbursing agent in the new set-up provided for by St. 1946, c. 584, which became effective January 1, 1947. This statute repealed the old c. 115; transferred from the aldermen to the mayor the supervision of the disbursement of aid and relief; authorized the mayor to appoint annually in April a veterans' agent to act for him in the disbursement of veterans' benefits, but provided that the person authorized to disburse State and military aid and soldiers' relief under c. 115 immediately prior to the effective date of c. 584 should perform the duties of veterans' agent until an agent was appointed by the mayor, but that if such person had an unlimited tenure of office or was serving for a definite term, then he should be retained in office as such veterans' agent, until he was removed for cause or until the expiration of his term, as the case might be.

The ordinance of October 3, 1946, provided for the election by the city council of a soldiers' relief agent for the term of five years subject to removal by the city council for just cause by a two-thirds vote of the council. It made no provision for his salary or compensation. The city council, acting under this ordinance, elected William H. Flaherty on October 17, 1946, as soldiers' relief agent. The ordinance, however, expressly repealed the 1934 ordinance which, as we have said, created the soldiers' relief department, and in its stead provided that "This ordinance is intended to establish the existence of a soldiers' relief department in the city of Woburn with authority given to soldiers' relief agent as head of such department to act for the city of Woburn in all disbursements of soldiers' relief."

The judge correctly ruled that the soldiers' relief department was created by the 1934 ordinance; that William H. Flaherty, the clerk of committees, was the head of this department; that Flaherty acted as and with all the powers of

a head of a department; that he had authority as head of a department to sign requisitions to the director of civil service for the appointment of an investigator; that he was authorized by the 1937 ordinance to appoint an investigator; but that after January 1, 1947, the power to appoint an investigator vested in the mayor.

The city council had the power to create the office of investigator in the soldiers' relief department, and William H. Flaherty as head of that department had authority to appoint the plaintiff. *Muldoon* v. *Lowell*, 178 Mass. 134. *Faulkner* v. *Sisson*, 183 Mass. 524. *Whiting* v. *Mayor of Holyoke*, 272 Mass. 116, 119. *Fluet* v. *McCabe*, 299 Mass. 173, 180. *Ring* v. *Woburn*, 311 Mass. 679, 687.

The soldiers' relief department having been abolished by the ordinance of October 3, 1946, and a new department created without providing for the continuity of service by those employed in the old department, their services ended with the termination of the old department. *State* v. *Brewer*, 107 Mont. 550. *State* v. *Board of Public Lands & Buildings*, 7 Neb. 42. *State* v. *Colson*, 7 Ohio App. 438. *Matter of O'Toole* v. *Stewart*, 75 App. Div. (N. Y.) 497. *Kastor* v. *New York*, 39 Misc. ( N. Y.) 709. *Clark* v. *Blochowiak*, 241 Wis. 236.

Subsequent to the enactment of this ordinance and up to January 1, 1947, William H. Flaherty made no appointment of an investigator in this new department, and on and after that date the power to make such an appointment was conferred upon the mayor by virtue of St. 1946, c. 584. The plaintiff was never appointed by the mayor. Consequently, she could not recover for services rendered after October 3, 1946.

The exception to the denial of the defendant's request in the second action for a ruling that the plaintiff was not entitled to recover is sustained and judgment is to be entered for the defendant with costs. In the first action, there was error in refusing requests for rulings that the duties of Flaherty, by virtue of being the clerk of committees, with reference to the soldiers' relief department terminated upon the enactment of the ordinance of October 3, 1946, and that

the plaintiff, never having been appointed investigator by the mayor, could not recover for any services rendered after January 1, 1947, and the exceptions of the defendant must be sustained. In the first action, judgment is to be entered for the plaintiff for the services rendered from March 1, 1945, to October 3, 1946, at the rate of $1,300 a year together with interest and costs.

*So ordered.*