RICHARD RASMUSSEN, Acting Executive Director Wisconsin CouncilOn Criminal Justice
Your predecessor asked my opinion as to whether either the Fox Valley Vocational, Technical and Adult Education District (hereinafter "Fox Valley") or the East Central Regional Planning Commission (hereinafter "East Central") is eligible to receive grant funds and funds from other sources, and to administer these funds as fiscal agent for the Northeast Criminal Justice Coordinating Council (NCJCC).
These questions arise because after October 1, 1981, the regional criminal justice councils decided to separate from the Wisconsin Council on Criminal Justice (WCCJ) and to continue their activities as coordinating councils. This change of status requires that each coordinating council acquire a fiscal agent. Fox Valley and East Central both have submitted applications to act as fiscal agent for the NCJCC. The WCCJ unanimously has approved the application of Fox Valley.
Fox Valley
In my opinion, Fox Valley does not have the authority to act as a fiscal agent for the NCJCC. I base this opinion on an analysis of the relevant sections of ch. 38, Stats., which governs the authority of vocational, technical and adult education (hereinafter "VTAE") districts. In this respect, sec. 38.001, Stats., provides:
 Mission. The [state] board [of vocational, technical and adult education] shall be responsible for the initiation, development, maintenance and supervision of programs with specific occupational orientations below the baccalaureate level, including terminal associate degrees, training of apprentices and adult education below the professional level.
This mission is more fully explained in sec. 38.02, Stats:
 Establishment. There is established under this chapter a system of vocational, technical and adult education to foster and maintain instruction in courses approved by the board in part-time and full-time day or evening classes. Every person at least the age specified in s. 118.15 (1)(b) who can profit thereby is *Page 72 
eligible to receive instruction under this chapter and rules established by the board.
The specific powers of VTAE district boards are defined in sec.38.14, Stats., as recently amended by ch. 20, Laws of 1981. Section 38.14 (3), Stats., is the part of the statute relevant to your question. That section was repealed and recreated by ch. 20, sec. 678m., Laws of 1981, as follows:*
 CONTRACTS FOR SERVICES. (a) The district board may enter into contracts to provide services to public educational institutions and local governmental bodies [if the contracts provide for the payment of at least 50% of the instructional function costs of the services.]*
 (b) The district board may enter into contracts to provide services to private educational institutions, industries and businesses [if the contracts provide for the payment of full direct cost of the services. Full direct cost include instructional, institutional resources and student services function costs.]*
 (c) No district board may contract with a foreign government or any business which is not operating in this state.
 (d) The district board shall establish and file with the board policies governing contracting under this subsection. The district board shall submit to the board copies of all contracts entered into under this subsection within 30 days of their approval by the district board.
Prior to amendment, sec. 38.14 (3). Stats. (1979), merely had provided that a "district board may contract with public educational institutions and other district boards forinstructional services." In my view, the recent amendments did not alter or expand the meaning of the term "services." I believe that the term "services" as used in this section must be construed consistently with and must be limited to the instructional mission of the state VTAE system. If the Legislature had intended that a broader meaning be given to this term, it would have amended secs. 38.01 and 38.02, as well as sec. 38.14, Stats. *Page 73 
The materials accompanying your opinion request indicate that Fox Valley would not be performing an educational function, but would be acting merely as a fiscal agent for the purpose of receiving and disbursing NCJCC funds. In my opinion, Fox Valley has neither express nor reasonably implied authority to perform this service. It is well established that governmental entities have only those powers which are expressly authorized or reasonably implied. Clark v. Blochowiak, 241 Wis. 236, 239,5 N.W.2d 772 (1942); Racine Fire and Police Comm. v. Stanfield,70 Wis.2d 395, 399, 234 N.W.2d 307 (1975). Any reasonable doubt of the existence of implied authority must be resolved against the exercise of such authority. State ex rel. Farrell v. Schubert,52 Wis.2d 351, 358, 190 N.W.2d 529 (1971).
The Legislature has given the VTAE districts the authority to provide vocational and technical education for those who can profit thereby. Sec. 38.03, Stats. Instructional services consistent with this authority may be provided to public educational institutions, to local government bodies and to private educational institutions, industries and businesses. Sec.38.14 (3). Stats. No authority exists for VTAE districts to provide the services of a fiscal agent to such other entities.
It is my opinion, therefore, that Fox Valley does not have the authority to act as fiscal agent for the NCJCC.
East Central
The creation of regional planning commissions is authorized by sec. 66.945 (2), Stats. A commission has "all powers necessary to enable it to perform its functions and promote regional planning." Sec. 66.945 (8)(a), Stats. One function is to "act as a co-ordinating agency for programs and activities of . . . local [government] units and [other public and private] agencies as they relate to its objectives." Id. A commission also has authority to accept grants but only "for the purpose of accomplishing the objectives of the regional planning commission." Sec. 66.945 (13), Stats.
The "objectives" of a regional planning commission are "to make plans for the physical, social and economic development of the region." Sec. 66.945 (8)(a), Stats. The functions of a regional planning commission and its acceptance of grants are limited by sec. 66.945 (8)(a) and (13), Stats., to those which promote regional planning. In my view, sec. 66.945, Stats., provides neither express nor *Page 74 
reasonably implied authority for a regional planning commission to act as a fiscal intermediary for criminal justice coordinating councils.
In addition, the authority of a regional planning commission is confined to its geographic territory. Sec. 66.945 (2m), (3) and (8)(a), Stats. It does not appear that East Central encompasses all twenty-eight counties comprising the NCJCC.
Therefore, it is my opinion that East Central is not authorized to act as fiscal agent for the NCJCC.
BCL:JWC
* The lined-out portions of the amended statute. quoted above, were vetoed by the Governor.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]