OPINION OF THE COURT
Eugene R. Wolin, J.
Hugh B. Marius, a Commissioner of the State Liquor Authority (Authority), has commenced this proceeding to quash a subpoena ad testificandum which was served on behalf of respondent, Leonard La Monica, Inc. (La Monica). The subpoena requires Commissioner Marius to appear and testify in a disciplinary hearing currently pending before the Authority.
In that proceeding the Authority seeks to revoke the license issued to respondent for the premises located in Goshen, New York, which is doing business as “La Monica’s”. The stated ground for the revocation is that respondent has allowed an individual, not named on the application for license, to acquire an interest in the business, and “to avail himself of the license” issued to respondent in violation of section 111 of the Alcoholic Beverage Control Law.
*13 In his affidavit in support of the motion, Commissioner Marius has stated that the investigation into respondent’s license was initiated as a result of a telephone call received by the commissioner. Allegedly, Marius was informed that a William Stanger had acquired an interest in La Monica’s; acting upon this information, Marius set the Authority’s investigative process into motion. An investigation was conducted by the Enforcement Bureau of the Authority and it is the commissioner’s contention that he neither participated in, nor was informed of the results of that investigation. As might be expected, respondent offers a contrary view, to wit, that the investigation and the pending hearing are parts of an improper attempt by Marius to revoke respondent’s license. In essence respondent challenges the motives of the Authority in instituting the license revocation proceeding.
Initially the court notes that a distinction must be made between a subpoena duces tecum and a subpoena ad testificandum. A subpoena duces tecum refers only to books and records and will issue only in a proper case, i.e., when the requested documents bear a reasonable relationship to the subject matter of the investigation (Matter of Hirschfield v Craig, 239 NY 98; Carlisle v Bennett, 268 NY 212.) A subpoena ad testificandum, however, merely requires a witness to appear and give testimony subject to any evidentiary privilege or immunity which may be asserted at the time of the examination (Matter of Hirschfield v Craig, supra). While there may be judicial review of both types of subpoenae, the focus of that inquiry usually differs. On a motion to quash a subpoena duces tecum the court is more often concerned with protecting litigants from a burdensome or an irrelevant demand and thus is more apt to intervene at a preliminary stage. That justification is absent when considering a motion to quash a subpoena ad testificandum; the subpoenaed witness may invoke a privilege while under examination. Thus there is case law to the effect that the right to issue a subpoena ad testificandum is absolute (Matter of Hirschfield v Craig, supra). However, a subpoena' ad testificandum may be quashed if issuance of such a subpoena was beyond the power of the agency or entity involved (Matter of Richardson, 247 NY *14 401), or if it is obvious that the subpoena seeks irrelevant or illegitimate information (Matter of Edge Ho Holding Corp., 256 NY 374).
There can be no doubt that an attorney who represents a client in a disciplinary proceeding before an administrative agency has the authority to issue a subpoena ad testificandum (CPLR 2302, subd [a]). Doubts arise, however, when the witness under subpoena is the administrative official ultimately charged with the responsibility for the decision. In the context of the instant case, the authority is the agency charged with the administration of the Alcoholic Beverage Control Law and is composed of five commissioners. Although these commissioners may delegate the power to conduct investigations and hearings, theirs is the final determination and in making this determination the Authority functions in a quasi-judicial capacity. (Matter of Weekes v O’Connell, 304 NY 259.) It is the Authority’s position that because of this judicial function, any commissioner who is compelled to testify at an administrative hearing must perforce disqualify himself from consideration of the matter, when the Authority ultimately renders its decision. (People v Dohring, 59 NY 374; People ex rel. Liberty v Cooke, 188 App Div 351, affd 229 NY 613.) This, it is argued, would severely hinder the administrative process. A Judge who is to be called as a witness can simply disqualify himself and the case can be reassigned to another. The process is not as simple when an administrative tribunal with a small number of responsible officials is involved. A sufficient number of subpoenae could effectively paralyze an agency. This stated, it must be said that it remains the responsibility of an administrative agency to ensure that it does not exceed its statutory mandate; litigants must have an opportunity to be heard and the decisions of the agency must be adequately supported by the record. Personal bias, as alleged herein, cannot color the judgment of the commissioners. (People ex rel. Packwood v Riley, 232 NY 283.) Thus there may be cases wherein the protection of constitutional rights requires the testimony of one or more members of the Authority. To justify such an intrusion on the administrative process, however, respondent will have to establish that *15 the testimony will be both material and relevant to respondent’s case before the administrative hearing officer. On the papers submitted on this motion the court is not convinced that the intrusion is warranted in this case. The issue at the revocation hearing is straightforward, viz., has respondent allowed an unnamed party to obtain an interest in the licensed premises. While the court is aware that it should not anticipate possible lines of inquiry on a motion to quash (Matter of Hirschfield v Craig, supra; Matter of Edge Ho Holding Corp., supra), neither should it be blind to the realities of litigation. Respondent has raised claims of bias and selective enforcement on the part of Commissioner Marius but these claims are entirely collateral to the issue at the revocation hearing; either Mr. Stanger has an interest in La Monica’s or he does not. The Authority has the right to rely upon the report of its Enforcement Bureau in initiating a revocation proceeding, and the court will not presume bad faith on the part of an administrative officer or agency. (Matter of Hirschfield v Craig, supra). It is the burden of the respondent to come forward with some proof that the proffered object of the Authority’s investigation is merely a sham and a device to mask an improper administrative purpose. In the absence of such proof the court will not inquire into the Authority’s motives. (Matter of Edge Ho Holding Corp., supra.) In this case Commissioner Marius has admitted to having received a telephone'call and to having initiated the investigation; this is a connection incidental to the gravamen of the charge pending in the revocation hearing and without more does not require either the testimony of the commissioner or his inevitable disqualification. (People ex rel. Hayes v Waldo, 212 NY 156; People ex rel. Liberty v Cooke, supra.) In opposition respondent has offered only the affidavit of its attorney which is replete with hearsay and conclusory statements. This is not sufficient to warrant the severe disruption to the administrative process which would be caused by this subpoena.
Accordingly, the petition of Hugh B. Marius is granted and the subpoena ad testificandum served upon him by the respondent shall be and hereby is quashed.